THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE MARAIS,<br><br>                Plaintiff<br><br>    Vs.<br><br>CHASE HOME FINANCE, LLC<br><br>               Defendant | Case No. 11 CV 0314<br>District Judge: Judge Smith<br>Magistrate Judge: Magistrate Judge Abel<br><br>RULE 26(f) REPORT OF PARTIES<br>(to be filed no fewer than seven (7) days prior to the Rule 16 Conference) |

1. Pursuant to F.R. Civ.P. 26(f), a meeting was held on June 29, 2011 and was attended by phone by:

    Troy J. Doucet, counsel for Plaintiff Christine Marais.

    Daniel Gibson, counsel for Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC.

2. **Consent to Magistrate Judge**. The parties:

    ___ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

    _X_ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

3. **Initial Disclosures**. The parties:

    ___ have exchanged the initial disclosures required by Rule 26(a)(1);

    _X_ will exchange such disclosures by July 29, 2011

    ___ are exempt from such disclosures under Rule 26(a)(1)(E).

    ___ have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

    a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

        N/A

    b.  Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

        N/A

    c.  Recommended date for filing motions addressing jurisdiction and/or venue:

        N/A

5. **Amendments to Pleading and/or Joinder of Parties**

    a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties: December 15, 2011

    b. If class action, recommended date for filing motion to certify the class: _____

6. **Recommended Discovery Plan**

    a. Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

Plaintiff intends to seek discovery on the following subjects:

    1. Chase's procedures for applying payments and overpayments to accounts.

    2. Chase's procedures for responding to Qualified Written Requests and Truth in Lending Act requests.

    3. Whether Chase has engaged in a pattern or practice of failing to properly apply payments to accounts.

    4. Whether Chase has engaged in a pattern or practice of failing to properly respond to Qualified Written Requests.

Defendant intends to seek discovery on the following subjects:

    1. Communications between Chase and Plaintiff

    2. Timing, method and amount of payments allegedly submitted by Plaintiff.

    3. Plaintiff's alleged actual damages

    4. Application for and origination of Plaintiff's mortgage loan

    b.  What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

        None.

2

    c. The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

    None unique or out of the ordinary are perceived at this time.

    d. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

    None unique at this time.

        i. Have the parties agreed on a procedure to assert such claims **AFTER** production?

        _X_ No

        ___ Yes

        ___ Yes, and the parties ask that the Court include their agreement in an Order.

    e. Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

    N/A

    f. The parties recommend that discovery should proceed in **phases**, as follows:

    N/A

    g. Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P.26(a)(2):

    None expected at this time.

        a. Recommended date for making **primary expert designations**:

        December 15, 2011

        b. Recommended date for making **rebuttal expert designations**:

        January 15, 2012

    h. Recommended discovery **completion date**: April 1, 2012

7. **Dispositive Motion**(s)

    a. Recommended date for filing dispositive motions: May 1, 2012

8. **Settlement Discussions**

    a. Has a settlement demand been made? Yes. A response? Yes.

3

4663978v1

    b. Date by which a settlement demand can be made: <u>N/A</u>

    c. Date by which a response can be made: <u>N/A</u>

9. **Settlement Week Referral**

The earliest Settlement Week referral reasonably likely to be productive is the

    18 December 2011     Settlement Week

10. **Other matters for the attention of the Court:**

<u>N/A</u>

**Signatures:**

| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
|---|---|
| /s/ Troy J. Doucet | /s/ Daniel C. Gibson |
| Ohio Bar# 0086350<br>Trial Attorney for Plaintiff | Ohio Bar# 0080129<br>Attorney for Defendant |
| _____<br>Ohio Bar# _____<br>Trial Attorney for _____ | _____<br>Ohio Bar# _____<br>Trial Attorney for _____ |
| _____<br>Ohio Bar# _____<br>Trial Attorney for _____ | _____<br>Ohio Bar# _____<br>Trial Attorney for _____ |
| _____<br>Ohio Bar# _____<br>Trial Attorney for _____ | _____<br>Ohio Bar# _____<br>Trial Attorney for _____ |

4663978v1