IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Christian Marais, | : | |
| Plaintiff | : | Civil Action 2:11-cv-0314 |
| v. | : | Judge Smith |
| JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, | : | Magistrate Judge Abel |
| | : | |
| Defendant | : | |

# PRELIMINARY PRETRIAL ORDER

A preliminary pretrial was held July 11, 2011. Counsel for all parties appeared.

## Rule 26(a)(1) disclosures.

The parties will make their Rule 26(a)(1) disclosures on or before July 29, 2011.

## Jurisdiction and venue.

Venue is proper in the Southern District of Ohio, Eastern Division. Jurisdiction is alleged under 28 U.S.C. § 1331. Supplemental jurisdiction over Ohio law claims is alleged under 28 U.S.C. § 1367. There are no contested issues involving personal jurisdiction, subject matter jurisdiction, or venue.

## Amendments to pleadings.

During the preliminary pretrial conference, defendant's counsel said that in April 2011 JPMorgan Chase Bank, N.A. merged with Chase Home Finance LLC. Defendant is

now known as JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC.

Any stipulation/motion for leave to amend the pleadings and/or add parties must be filed on or before **December 15, 2011.**

**Allegations in the pleadings.**

The complaint makes the following allegations. On September 25, 2006, plaintiff Christian Marais executed a promissory note and mortgage to finance a residential property at 535 Piedmont Road, Columbus, Franklin County, Ohio, 43214. On January 3, 2011, Maarais mailed defendant Chase Home Finance, LLC a letter that included a request for the name, address, and telephone number of the owner of the obligation she executed as part of her September 25, 2006 loan transaction, a statement that she believed payments to her account during 2008 and 2009 were misapplied, and a request that defendant correct her account by correctly applying those payments. On February 28, 2011, Chase Home Finance sent Christian a letter that failed to name the owner of plaintiff's obligation and failed to proved the owner's address or telephone number. Further, the letter does not state that defendant corrected any misapplied payments nor explain why it believed her account to be correct.

Between January 7, 2011 and February 28, 2011, Chase Home Finance reported Christian's account to one or more consumer credit reporting agencies as past due.

Plaintiff made the following payments in excess of the amount due under the note:

a. An excess payment on August 13, 2009 in the amount of $97.34.

      b. An excess payment on June 11, 2009 in the amount of $97.34.
      c. An excess payment on April 8, 2009 in the amount of $97.34.
      d. An excess payment on March 12, 2009 in the amount of $97.34.
      e. An excess payment on February 6, 2009 in the amount of $97.34.
      f. An excess payment on January 13, 2009 in the amount of $88.19.

Defendant did not credit plaintiff's principal balance with those payments. On November 26, 2007, Chase Home Finance received $221.21 for Christian's account, but did not credit her principal balance.

The complaint pleads claims that Chase violated the Truth in Lending Act, Real Estate Settlement Procedures Act, the Consumer Sales Protection Act. It also pleads a claim for conversion.

Among other defenses, the answer pleads that because plaintiff failed to deliver the alleged qualified written request to the exclusive address identified by Chase, Chase's obligations were not triggered.

## Experts' disclosures[1].

Any expert who may give evidence supporting a party's claims or defenses must make his or her Rule 26(a)(2) disclosures no later than **December 15, 2011.** Any responsive experts' Rule 26(a)(2) disclosures must be made no later than **January 15, 2012.**

---

[1] Ordinarily plaintiff's experts make their Rule 26(a)(2) disclosures, then defendant's experts respond with their disclosures. But when a plaintiff truly intends to offer no expert testimony supporting his or her claims (but the defendant chooses to offer expert testimony on them) or a defendant intends to support a defense with expert testimony, then the defendant's experts must make their disclosures by the first deadline. Rebuttal experts are strictly limited to rebutting unanticipated opinions expressed by a responsive expert.

**Rule 26(e)(2) supplementation.**

Under the provisions of Rule 26(e)(2), Fed. R. Civ. P., the parties are under a duty "seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing." The parties are **directed** to review their responses to written discovery on or before **February 15, 2012** and promptly make any supplemental disclosures required by Rule 26(e)(2).

**Discovery and case-dispositive motions deadlines.**

All discovery must be completed by **April 1, 2012**. Case-dispositive motions must be filed on or before **May 1, 2012**.

**Rule 26(a)(3) disclosures.**

The parties must make and file with the Court the disclosures required by Rule 26(a)(3)(A), Fed. R. Civ. P., no later than **30 days prior to the date noticed for the final pre-trial conference**. Rule 26(a)(3)(B), Fed. R. Civ. P. Alternatively, by agreement the parties may chose to make their Rule 26(a)(3) disclosures in the final pretrial order.

**Attorneys' fees.**

The complaint prays for an award of attorney fees. To facilitate settlement evaluation, plaintiff's counsel is DIRECTED to quarterly report to defense counsel the number of hours of legal services rendered and the rate(s) at which those services are billed. The

first quarterly report should cover all services rendered through **June 30, 2011**.

**Settlement.**

Plaintiff has made a settlement demand, and defendant has responded. The parties will participate in the **December 2011 Settlement Week**. If any party later concludes that mediation then would not assist the parties, that party should contact opposing counsel and call my office (614-719-3370) no later than **October 21, 2011** to set up a telephone conference with all counsel to ask the Court not to notice this case for mediation then. Counsel should also be prepared to discuss the status of discovery and whether the mediation should be rescheduled to a later date.

s/Mark R. Abel
United States Magistrate Judge