UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE MARAIS, | : | CASE NO. 2:11-cv-314 |
| | : | |
| Plaintiff, | : | Judge George C. Smith |
| | : | |
| vs. | : | Magistrate Judge Mark. R. Abel |
| | : | |
| CHASE HOME FINANCE LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
DISMISSING PLAINTIFF'S COMPLAINT**

Now comes Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, ("Chase"), by and through counsel, and hereby moves the Court for a judgment on the pleadings dismissing the Complaint of Plaintiff Christine Marais ("Plaintiff"). Specifically, Chase requests that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(c) for failure to state a claim against Chase upon which relief can be granted. A Memorandum in Support of this Motion follows.

/s/ Nelson M. Reid
Nelson M. Reid          (0068434)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
Facsimile:  (614) 227-2390
nreid@bricker.com
Trial Attorney for Defendant JPMorgan Chase
Bank, N.A., as successor by merger to Chase Home
Finance LLC

1

OF COUNSEL:

Justin W. Ristau  (0075222)
Daniel C. Gibson (0080129)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  jristau@bricker.com
            dgibson@bricker.com

**MEMORANDUM IN SUPPORT**

I.     **INTRODUCTION**

Plaintiff Christine Marais ("Plaintiff") has failed to state any legally cognizable claim against Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, ("Chase"), and her Complaint should be dismissed as a result.

First, Plaintiff has failed to state a claim against Chase for alleged violations of the Truth In Lending Act, ("TILA") [15 U.S.C. § 1641(f)(2)], because the law imposes liability only upon "creditors" under the statute. Plaintiff alleges that Chase is a servicer that allegedly failed to comply with a servicing obligation. Such allegations cannot form the basis for a claim for relief under TILA.

Second, Plaintiff has failed to state a claim for alleged violations of the Real Estate Settlement Procedures Act, ("RESPA") [12 U.S.C. § 2650(e)(2)], because she has failed to plead any damages plausibly flowing from Chase's alleged failure to respond to her purported qualified written request ("QWR").

Third, Plaintiff has failed to state a claim for conversion of money, because she has failed to plead the elements of such a claim under Ohio law, including any unlawful acquisition, any specifically identifiable money or property, any demand of return, or any cognizable damages.

Fourth, Plaintiff has failed to state a claim for alleged violations of the Ohio Consumer Sales Practices Act, (the "CSPA") [O.R.C. § 1345.01, *et seq*.], because she has not pled the occurrence of a "consumer transaction" under the statute, she has not pled a violation of the statute, and because Chase is exempt from application of the statute in any event.

For the foregoing reasons, the Complaint should be dismissed under Rule 12(c) for failure to state a claim against Chase.

II. **STANDARD OF REVIEW**

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *See*, *e.g.*, *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). "Courts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true[,] and determine whether the complaint states a plausible claim for relief…." *Id.* (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation and internal quotations omitted) and *Ashcroft v. Iqbal*, 129 U.S. 1937, 1950-51 (2009) (internal quotations omitted)).

"However, the plaintiff must provide the grounds for its entitlement to relief, . . .and that 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Iqbal*, 129 S. Ct. at 1949). "A plaintiff falls short if she pleads facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct . . . .' *Id*.

III. **ARGUMENT**

    A. **FIRST COUNT: Plaintiff fails to state a claim under TILA.**

Plaintiff's first count purports to state a claim against Chase, as "servicer," for "failing to provide the name, address, and telephone number of the owner of her obligation upon her written request," pursuant to 15 U.S.C. § 1641(f)(2). Complaint, ¶¶ 11, 34. Even assuming Plaintiff's allegations are true for the sake of argument, TILA imposes no liability on servicers for failure to comply with the provision in question. *See*, *e.g.*, *Fullmer v. JPMorgan Chase Bank, N.A.*, 2010

4

5146691v1

U.S. Dist. LEXIS 3551, *7-12 (E.D. Cal. 2010); *Marks v. Ocwen Loan Servicing*, 2008 U.S. Dist. LEXIS 12175, *4-6 (N.D. Cal. 2008).  As a result, Plaintiff cannot state a claim against Chase.

Indeed, as the *Fullmer* Court observed, "[c]ivil liability under TILA applies to creditors." *Id*. at *8.  This is spelled out plainly in the civil liability section of the statute under which Plaintiff purports to bring her claim (Complaint, ¶ 35), which provides that "any *creditor* who fails to comply with any requirement imposed under this chapter…with respect to any person is liable to such person…."  15 U.S.C. § 1640(a) (emphasis added).  Moreover, section 1641(f) specifically provides that a servicer cannot even be held liable as an assignee, unless it is or was the owner of the obligation in question.  15 U.S.C. § 1641(f)(1).

Plaintiff alleges that Chase is the servicer of her loan and does not allege that Chase is or was the owner of the obligation.  As the *Fullmer* Court held, "because [Chase is a] loan [servicer] and not a creditor or assignee of the creditor, plaintiff's TILA claims…should be dismissed with prejudice."  *Fullmer*, at *11-12.  *See also*, *Marks*, 2008 U.S. Dist. LEXIS 12175 at *5 ("the only way [the defendant loan servicer] could be liable for a violation of TILA would be if [the defendant loan servicer] were or had been an owner of the loan").

**B.  SECOND COUNT: Plaintiff fails to state a claim under RESPA.**

Plaintiff's purported claim for violation of RESPA also fails as a matter of law, because she fails to allege any damages purportedly flowing from Chase's QWR response with factual support sufficient to satisfy the plausibility pleading standard as set forth in the Supreme Court's decisions in *Iqbal*, 129 U.S. 1937, (2009) and *Twombly*, 550 U.S. 544, 555 (2007).

It is well established that "[r]ecovery under RESPA requires more than establishing a violation…."  *Eichholz v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 128455, *14 (E.D.

5

Mich. 2011). "Plaintiff must suffer actual, demonstrable damages, and Plaintiff's damages must occur 'as a result of' that specific violation." *Id*. (citing 12 U.S.C § 2605(f)(1)(A)). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Copeland v. Lehman Bros. Bank, FSB*, 2010 U.S. Dist. LEXIS 73032, *8 (S.D. Cal. 2010) (quoting *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 U.S. Dist. LEXIS 108523, *3 (E.D. Cal. 2009)). Moreover, "[m]erely claiming to have suffered damages, without more, epitomizes conclusory pleading" that will not survive dismissal. *Eichholz* at *16.

Plaintiff has not pled facts to show that she suffered any damages whatsoever, let alone that she suffered damages plausibly resulting from an alleged failure by Chase to properly respond to her purported QWR. In fact, Plaintiff specifically declines to make any allegation that she suffered damages relating to her RESPA claim, and instead simply alleges that Chase "is liable to Plaintiff in the amount of her actual damages…," without alleging that she actually suffered any. Complaint, ¶ 42. *See*, *Bajwa v. John Adams Mortg. Co.*, 2011 U.S. Dist. LEXIS 137240, *13 (dismissing RESPA claim for "merely alleg[ing] Plaintiffs' right to damages"). The only allegation in the entire Complaint that even approaches an allegation of actual damages is with respect to the CSPA claim where Plaintiff alleges that her "actual damages are equal to the amount of money [Chase] converted plus interest…." Complaint at ¶ 56. Not only does such allegation present no causal relation to the alleged failure of Chase to properly respond to a QWR, but it is not even plausible in light of the clear legal insufficiency of the conversion claim in the first place. *See*, Section III(C), *infra*.

Federal courts around the country have dismissed RESPA claims with far more robust fact allegations of damages than what Plaintiff has asserted here. *See*, *supra*. *See also*, *Nikiforuk*

5146691v1

*v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS 152552, *18 (E.D. Mich 2011); *Molina v. Washington Mutual Bank*, 2010 U.S. Dist. LEXIS 8056, *20-21 (S.D. Cal. 2010).  And with good reason.  It is difficult to imagine how an alleged technically deficient responsive correspondence could have injured Plaintiff, and her failure to plead facts showing how she could have—indeed, how she did—suffer actual damages is fatal to her claim.  *Nikiforuk*, 2011 U.S. Dist. LEXIS 152552 at *18 ("Plaintiffs have not adequately pled damages as a result of the 'inadequate' RESPA response").

**C.  THIRD COUNT: Plaintiff fails to state a claim for conversion.**

Plaintiff's claim for conversion fails for two reasons: First, while she purports to assert a claim for conversion of money, she does not allege the elements of such a claim, including that there was an unlawful acquisition, that the money in question is specifically identifiable, or that she has demanded or Chase is obligated to return the funds.  Second, Plaintiff has failed to plead any cognizable damages in any event, since the sums allegedly converted were on a debt owed.

1.  <u>The elements of a conversion claim</u>.

"The elements of a conversion claim are: 1) plaintiff's ownership or right to possession of the property at the time of the conversion; 2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and 3) damages."  *NPF IV, Inc. v. Transitional Health Servs.*, 922 F. Supp. 77, 81 (S.D. Ohio 1996) (citing *Haul Transport of VA, Inc. v. Morgan*, 1995 Ohio App. LEXIS 2240 (Ohio App. 1995) and *Fayette Inv. Corp. v. Jack Johnson Chevrolet Co.*, 119 Ohio App. 111 (Ohio App. 1963)).  In addition, when the property in question has been "acquired lawfully," there can be no conversion unless and until there has been a demand for return and a failure to restore the property to the rightful possessor.  *Id*.

7

Moreover, Ohio law generally does not recognize a claim for conversion of money, but does so only in the limited circumstances where "identification is possible and there is an obligation to deliver the specific money in question." *Id*. *See also*, *Chkir v. Brendamour Moving & Storage, Inc.*, 2009 U.S. Dist. LEXIS 103890, fn. 1 (S.D. Ohio 2009) (citing *Haul Transport*, supra, and *Wiltberger v. Davis*, 100 Ohio App. 3d 46, 55 (Ohio App. 1996)). That is, a claim may lie only where, *e.g.*, the money in question is "money in a bag, coins or notes that have been entrusted to the defendant's care, or funds that have otherwise been sequestered." *Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, 2010 U.S Dist. LEXIS 78242, *14 (N.D. Ohio) (citing *Haul Transport*).

Importantly, "[a]n action will not lie for the conversion of a mere debt," since there is no obligation of the debtor to return identical money. *Transitional Health*, 922 F. Supp. 77 at 82. Similarly, there can be no claim for conversion against the creditor for alleged misapplication of the debtor's payments, since once made, the debtor has no right to possession of the sums remitted, let alone to the specific money tendered. *See*, *e.g.*, *Croghan Colonial Bank v. Lepley Farm Lines, Inc.*, 2011 Ohio App. LEXIS 2957, **14-16 (Ohio App. 2011) (rejecting a conversion claim based on the bank's unauthorized set-off of the borrowers' deposit accounts against the debt, since the bank was "within its rights under the loan agreement").

    2.    <u>Plaintiff's failure to allege a conversion of money</u>.

Plaintiff alleges that she voluntarily made a series of payments to Chase in excess of what was due under the note and that such payments were not properly credited to her account. Complaint, ¶¶ 29-32. These allegations will not sustain a claim for conversion of money. First, Plaintiff acknowledges that Chase came into possession of the alleged sums lawfully. By her own allegations, she remitted payment to Chase intentionally and voluntarily. *Id*. Second,

8

Plaintiff does not allege that the sums remitted are specifically identifiable cash or coin. Indeed, as Plaintiff's claim reveals, she does not contest the possessory disposition of the alleged payments (which are not alleged to have been bags of cash or coin), but rather the accounting of such alleged payments related to the debt she owes.

This leads to the third fatal deficiency in her claim: Plaintiff does not allege that she ever made a demand for return of the specific money Chase allegedly converted. This is critical, as Plaintiff's claim is not that Chase exercised wrongful dominion over her property for which she has ever sought or now seeks return, but rather that Chase allegedly failed to *account* for her payments properly, as called for in her agreement with the owner of the debt. Not only does her failure to so allege defeat her claim as a matter of law, but it also reveals a more fundamental problem with the theory of her claim: by her own allegations, Chase as servicer stands in the shoes of the creditor, since Plaintiff's remittance of payment to Chase, she alleges, constitutes payment to the owner of the debt, thereby triggering payment application obligations under the note. Complaint, ¶ 32. Indeed, as Plaintiff herself alleges, Chase "kept those payments for its own use or profit *in a manner not authorized by the parties' agreement*." *Id*. (emphasis added).

        3.     <u>Plaintiff's failure to allege damages</u>.

In addition to the foregoing, even if Plaintiff could somehow plead the other elements of a claim for conversion of money against Chase, she still has not alleged any cognizable damages. Because Plaintiff is not alleging that she demanded, is entitled to, and failed to receive the return of specific money, even if she is correct that Chase has *accounted* for her payments improperly, she has not and cannot allege that she has suffered any pecuniary injury. At most, such "conversion" of her payments would ripen into an affirmative defense of payment on a debt, if and when the owner of the obligation sought to collect. *See e.g.*, *Bank of N.Y. v. Jordan*, 2007

9

Ohio App. LEXIS 3843, **18 (Ohio App. 2007) ("Once evidence of an obligation is established, the burden is upon the defendant to prove any payments. This follows from the fact that payment is an affirmative defense to an action on a debt, and is consistent with the general principle that the burden of proof should be upon that party who is in the best position to come forward with evidence").

Plaintiff has not and cannot state a claim for conversion of money against Chase based on its alleged misapplication of her payments. The Third Count should be dismissed.

      **D.**      **FOURTH COUNT: Plaintiff fails to state a claim under the CSPA.**

Plaintiff's fourth and final alleged cause of action is brought under the CSPA, asserting that the alleged conduct forming the basis for the first three claims also constitutes violations of the CSPA. Complaint, ¶ 54. Plaintiff's claim fails as a matter of law for three reasons: First, Plaintiff fails to plead the occurrence of a qualifying "consumer transaction"; second, she has not alleged any conduct of Chase that could plausibly be read to fall under O.R.C. §§ 1345.02 or 1345.03; and third, the CSPA does not apply to Chase in any event.

      1.      <u>Plaintiff fails to plead a "consumer transaction" involving Chase</u>.

In order for the CSPA's provisions to apply, there must be a "consumer transaction." O.R.C. §§ 1345.031(A). The CSPA defines a "consumer transaction" as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual…." O.R.C. § 1345.01(A).

Defendant alleges that her "loan was and is a **Consumer Transaction** under the meaning of R.C. § 1345.01(A)." Complaint, ¶ 52 (emphasis *sic*). *See also*, Complaint, ¶ 16 ("[t]he September 25, 2006 transaction whereby Plaintiff executed a promissory note and mortgage was and is a consumer credit transaction" under TILA). However, the discrete loan transaction at

10

issue, by Plaintiff's own allegations, was between Plaintiff and Residential Finance Corp. *See*, Complaint, ¶ 15, Exhibits A and B. Nowhere does she allege a consumer transaction with respect to Chase.[1] Absent an allegation of a "consumer transaction" involving Chase or to which its alleged conduct could be connected, Plaintiff's claim must be dismissed.

### 2. Plaintiff fails to allege any unlawful conduct.

According to Plaintiff, Chase's alleged failure to respond properly to her QWR or her request for the identity of the owner of her debt obligation, as well as Chase's alleged misapplication of her payments, all constitute violations of the CSPA under O.R.C. §§ 1345.02 and 13405.03. Complaint, ¶ 54. Even if true, the conduct alleged cannot form the basis for a CSPA claim.

First, Plaintiff has not alleged any "unfair or deceptive" conduct falling under O.R.C. § 1345.02. As Section (B) makes clear, almost all of the acts or practices prohibited relate to the sale or transfer of goods and services, none of which could plausibly apply in the context of the servicing of a mortgage loan. Moreover, the statute specifically identifies as deceptive acts in connection with a residential mortgage both "knowingly failing to provide disclosures required under state and federal law," and "knowingly providing a disclosure that includes a material misrepresentation." O.R.C. § 1345.02(F). But Plaintiff nowhere alleges that Chase ever acted unlawfully with respect to any required "disclosures." *See*, *e.g.*, 15 U.S.C. § 1602(v) (defining material disclosures under TILA). Plaintiff has not alleged any conduct described in O.R.C. § 1345.02.

---

[1] While on the face of her Complaint, Plaintiff clearly has not alleged a "consumer transaction" to which Chase's alleged conduct is connected, even if she had purported to do so and alleged that the servicing of her loan somehow constituted an ongoing "consumer transaction," Chase submits that her claim would still fail. However, it should be noted that the Ohio Supreme Court recently heard oral argument on this very question. *See*, *State of Ohio ex rel. Michael DeWine v. GMAC Mortg., LLC*, 2011-0890. Thus, even if Plaintiff otherwise had stated the elements of a claim under the CSPA (which she has not), the Court should, at a minimum, hold its decision on the Fourth Count in abeyance pending the decision of the Ohio Supreme Court. In light of the other fatal deficiencies in Plaintiff's CSPA claim, however, the Court need not delay dismissal of the Complaint.

11

Second, Plaintiff cannot allege any "unconscionable acts or practices" as described in O.R.C. § 1345.03. While Plaintiff has not made any allegations of conduct that would otherwise fall under this section of the CSPA, it wouldn't matter even if she had. The statute could not be clearer that, "[t]his section does not apply to a consumer transaction in connection with a residential mortgage." O.R.C. § 1345.03(C).

        3.      The CSPA does not apply to Chase.

Finally, notwithstanding Plaintiff's failure to allege a consumer transaction or any unlawful conduct, she also has failed to plead any facts that could support the classification of Chase as a "supplier" under the statute, which is defined as "a seller, lessor, assignor, franchisor, or other person *engaged in the business of effecting or soliciting consumer transactions*…." O.R.C. § 1345.01(C) (emphasis added). Since Plaintiff has not even pled the occurrence of a single, qualifying "consumer transaction" at issue in this case, she certainly has not pled facts to support a finding that Chase is a business engaged in effecting or soliciting such transactions in the ordinary course. Her conclusory allegation that Chase "is and was a **Supplier**" cannot cure the defect. Complaint, ¶ 13 (emphasis *sic*).

## IV.   CONCLUSION

For the forgoing reasons, Chase respectfully requests that the Court dismiss the Complaint in its entirety for failure to state a claim upon which relief could be granted pursuant to Civil Rule 12(c).

Respectfully submitted,

/s/ Nelson M. Reid
Nelson M. Reid            (0068434)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
Facsimile:  (614) 227-2390
nreid@bricker.com
Trial Attorney for Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC

OF COUNSEL:

Justin W. Ristau  (0075222)
Daniel C. Gibson (0080129)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  jristau@bricker.com
         dgibson@bricker.com

13

5146691v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic system.  Parties were served electronically by the Court's CM/ECF electronic system.

/s/ Nelson M. Reid
Nelson M. Reid (0068434)

5146691v1