## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

CHRISTINE MARAIS
535 Piedmont Road
Columbus, OH 43214

CIVIL ACTION NO.: 2:11-cv-314

v.

JUDGE: Smith

CHASE HOME FINANCE, LLC
c/o CT Corporation System
1300 East Ninth Street
Cleveland, OH 44114

MAGISTRATE: Abel

FEDERAL NATIONAL MORTGAGE
ASSOCIATION
3900 Wisconsin Avenue, NW
Washington, DC 20016-2892

## PLAINTIFF CHRISTINE MARAIS' AMENDED COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

### JURY DEMAND ENDORSED HEREIN

## I. PRELIMINARY STATEMENT

1. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against defendants, Chase Home Finance, LLC and Federal National Mortgage Association for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, (hereinafter "TILA"), for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, for violations of Ohio's Consumer Sales Practices Act ("CSPA"), R.C. § 1345.01, *et seq.*, and for common law conversion.

## II. JURISDICTION

2. This Court has jurisdiction for the First Count pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e), and 28 U.S.C. §§ 1331 and 1337.

3. This Court has jurisdiction for the Second Count pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2614, and 28 U.S.C. §§ 1331 and 1337.

4. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

5. Plaintiff, Christine Marais, is a natural person currently residing within this Court's jurisdiction at 535 Piedmont Road, Columbus, Franklin County, Ohio, 43214.

6. Plaintiff, Christine Marais, was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

7. Plaintiff, Christine Marais, was and is a **Consumer** within the meaning of TILA at 15 U.S.C. § 1602(i) at all times relevant to this transaction.

8. Plaintiff, Christine Marais, is and was a **Consumer** under the meaning of R.C. § 1345.01(D) at all times relevant to this transaction.

9. Defendant Chase Home Finance, LLC ("Chase"), is a company organized in the State of Delaware with its principal place of business in Ohio.

10. Defendant, Chase Home Finance, LLC, was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

11. Defendant, Chase Home Finance, LLC, was and is a **servicer** of a consumer obligation within the meaning of TILA at 15 U.S.C. § 1641(f) at all times relevant to this transaction.

12. Defendant, Chase Home Finance, LLC,  was and is a loan **servicer** of the Plaintiff's **federally related mortgage loan** within the meaning of those terms in RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1), respectfully, at all times relevant to this transaction.

13. Defendant, Chase Home Finance, LLC, is and was a **Supplier** under the meaning of R.C. § 1345.01(C) at all times relevant to this transaction.

14. Defendant Federal National Mortgage Association, is a company organized under the law of the United States with its principal place of business in the District of Columbia.

15. Defendant, Federal National Mortgage Association, was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

16. Defendant, Federal National Mortgage Association, LLC, was and is a **Creditor** within the meaning of TILA in that it regularly extended or offered to extend consumer credit, 15 U.S.C. § 1641(f).

17. Upon information and belief, Federal National Mortgage Association ("Fannie Mae"), is the owner of Plaintiff's obligation described herein, or otherwise claims an interest in the Note and Mortgage attached as Exhibits A and B.

18. Defendant, Federal National Mortgage Association, is and was a **Supplier** under the meaning of R.C. § 1345.01(C) at all times relevant to this transaction.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

20. On or about September 25, 2006, Plaintiff executed a promissory note and mortgage for the purpose of financing a residential property at 535 Piedmont Road, Columbus, Franklin County, Ohio, 43214.  A copy of that Note and Mortgage, as provided to her by Chase on or about March 2, 2011, are attached as Exhibits A and B.

21. The September 25, 2006 transaction whereby Plaintiff executed a promissory note and mortgage was and is a **consumer credit transaction** within the meaning of TILA, 15 U.S.C. § 1602.

22. The September 25, 2006 transaction whereby Plaintiff executed a promissory note and mortgage was and is a **federally related mortgage loan** within the meaning of RESPA at 12 U.S.C. § 2602(1).

23. On or about January 3, 2011, Plaintiff mailed Chase a letter that constituted a **qualified written request**, within the meaning of RESPA at 12 U.S.C. § 2605(e)(1)(B).  A true and accurate copy of that letter is attached as Exhibit C.

24. Plaintiff's January 3, 2011 letter included a request that Chase provide her the name, address, and telephone number of the owner of the obligation Plaintiff executed as part of her September 25, 2006 loan transaction.

25. Plaintiff's January 3, 2011 letter included a statement that Plaintiff believed payments to her account during 2008 and 2009 were misapplied, and a request that Chase correct her account by correctly applying those payments.

26. Chase replied to Plaintiff's qualified written request on or about January 7, 2011 acknowledging receipt of Plaintiff's January 3, 2011 letter.  A true and accurate copy of that response is attached as Exhibit D.

27. Chase mailed Plaintiff a letter dated February 28, 2011 stating that letter was its response to Plaintiff's January 3, 2011 letter. A true and accurate copy of that second response is attached as Exhibit E.

28. Chase did not conduct an investigation prior to mailing Plaintiff its February 28, 2011 letter.

29. Chase's February 28, 2011 letter does not state the name of the owner of Plaintiff's obligation, nor state that owner's address or telephone number.

30. Chase's February 28, 2011 letter does not state that it corrected any misapplied payments.

31. Chase's February 28, 2011 letter does not provide Plaintiff with a written explanation that included a reason why it believed Plaintiff's account to be correct.

32. Chase's February 28, 2011 letter does not provide Plaintiff with a written explanation of why the information requested by Plaintiff is unavailable or cannot be obtained.

33. Chase's February 28, 2011 letter does not state the name and telephone number of an individual employed by Chase who could provide assistance to Plaintiff.

34. Between January 7, 2011 and February 28, 2011, Chase reported Plaintiff's account to one or more consumer credit reporting agencies as past due.

35. Plaintiff made the following payments in excess of the amount due under the note:

    a.  An excess payment on August 13, 2009 in the amount of $97.34.

    b.  An excess payment on June 11, 2009 in the amount of $97.34.

    c.  An excess payment on April 8, 2009 in the amount of $97.34.

    d.  An excess payment on March 12, 2009 in the amount of $97.34.

    e.  An excess payment on February 6, 2009 in the amount of $97.34.

  f. An excess payment on January 13, 2009 in the amount of $88.19.

36. Chase did not credit Plaintiff's principal balance with those payments.

37. On November 26, 2007, Chase received $221.21 for Plaintiff's account, but did not credit Plaintiff's principal balance.

38. Instead of crediting Plaintiff's account the amounts stated in the previous allegations, Chase kept those payments for its own use or profit in a manner not authorized by the parties' agreement.

39. Chase charged Plaintiff's account miscellaneous fees and late charges not authorized under the Note nor the January 25, 2008 formal repayment agreement attached as Exhibit F. These fees include, but are not limited to:

  a. A $14.00 fee assessed on 11/30/2007;

  b. A $15.00 fee assessed on 1/29/2008;

  c. A $15.00 fee assessed on 3/24/2008;

  d. A $15.00 fee assessed on 4/25/2008;

  e. A $15.00 fee assessed on 6/27/2008;

  f. A $14.00 fee assessed on 7/25/2008;

  g. A $14.00 fee assessed on 8/29/2008;

  h. A $14.00 fee assessed on 9/26/2008;

  i. A $14.00 fee assessed on 10/29/2008;

  j. A $14.00 fee assessed on 11/26/2008;

  k. Late charges assessed while Plaintiff was paying in accordance with the formal repayment agreement.

40. Plaintiff's principal balance is presently incorrect due to misapplied payments and unauthorized charges.

41. Chase did not credit Plaintiff's account with these payments upon her written requests, including the requests within her 2011 qualified written request.

42. Plaintiff has been asking Chase to correct these payments and correctly allocate her payments through written correspondence constituting a qualified written request since at least 2009, to no avail.

43. The ordeal of trying to get Chase to correctly apply her payments has been emotionally draining for Plaintiff and has caused her emotional distress.

44. Chase, as the servicer of Plaintiff's loan, is an agent for Fannie Mae as its principal at all times relevant to this action.

45. Fannie Mae has derived a benefit from its servicer's actions in servicing Plaintiff's loan.

46. Fannie Mae is liable for all actions undertaken by its agents, including Chase, at all times relevant to this transaction.

47. Defendants are not holders in due course of the Note.

## V. FIRST COUNT - TILA

48. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

49. By failing to provide Plaintiff the name, address, and telephone number of the owner of her obligation upon her written request, Chase violated TILA at 15 U.S.C. § 1641(f)(2).

50. Due to this violation, Defendants are liable to Plaintiff in the amount of her actual damages, statutory damages in the amount of $4,000, attorneys' fees, and costs of the action, pursuant to 15 U.S.C. § 1640(a) per violation.

## VI. SECOND COUNT - RESPA

51. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

52. By failing to correct Plaintiff's account by correctly applying her payments, Chase violated RESPA at 12 U.S.C. § 2605(e)(2).

53. By failing to conduct an investigation in responding to Plaintiff's qualified written request, Chase violated RESPA at 12 U.S.C. § 2605(e)(2).

54. By failing to provide Plaintiff a written explanation that included a reason why it believed her account to be correct, plus the name and telephone number of an individual employed by Chase who could provide assistance to Plaintiff, Chase violated RESPA at 12 U.S.C. § 2605(e)(2).

55. By failing to provide Plaintiff a written explanation of why the information she requested pertaining to her account payments was unavailable or could not be obtained, and for failing to provide her the name and telephone number of an individual employed by Chase who could provide assistance to Plaintiff, Chase violated RESPA at 12 U.S.C. § 2605(e)(2).

56. Upon information and belief, Chase violated RESPA, 12 U.S.C. 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Plaintiff that were related to her qualified written request.

57. Chase did not investigate Plaintiff's claimed of over-payment of the amounts stated herein.

58. Chase's action of not investigating each of Plaintiff's claims in her qualified written requests constitutes a pattern or practice of failing to act in response to Plaintiff's requests.

59. Chase has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

60. Due to these violations, Defendants are liable to Plaintiff in the amount of her actual damages, including but not limited to the amounts of the payments that remain misapplied, additional interest that has accrued since the violation, costs of mailing, emotional distress and additional damages in the amount of $1,000, attorneys' fees, and costs of the action, pursuant to 12 U.S.C. § 2605(f) per violation.

## VII. THIRD COUNT – CONVERSION

61. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

62. Chase has not properly credited Plaintiff's account with payments she made since she began making payments on the consumer credit transaction subject to this Complaint.

63. Chase has wrongfully exercised dominion over Plaintiff's funds to the exclusion of Plaintiff's rights in those funds.

64. Chase's taking and withholding of Plaintiff's funds are inconsistent with Plaintiff's rights in those funds.

65. Chase continues to withhold Plaintiff's funds as of the date this Complaint was filed, and therefore is continuing to wrongfully convert Plaintiff's funds.

66. Chase knowingly and willfully converted Plaintiff's funds.

67. Defendants are liable to Plaintiff for damages, plus costs.

## VIII. FOURTH COUNT - CSPA

68. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

69. Chase was and is subject to Ohio's Consumer Sales Practices Act, O.R.C. § 1345.01, *et seq.* ("CSPA") at all times relevant to this transaction.

70. Plaintiff's loan and the servicing of her loan was and is a **Consumer Transaction** under the meaning of R.C. § 1345.01(A) at all times relevant to this transaction.

71. Chase's actions described in Counts One through Three and otherwise herein are unfair or deceptive acts or practices in violation the CSPA at R.C. § 1345.02.

72. Chase's actions described in Counts One through Three and otherwise herein are unconscionable acts or practices concerning a consumer transaction in connection with a residential mortgage in violation the CSPA at R.C. § 1345.031.

73. Chase's acts and practices were knowingly committed.

74. Plaintiff's actual damages are equal to the amount of money Chase converted, misapplied or improperly charged, plus interest and disgorgement interest, and statutory damages under TILA and RESPA.

75. Defendants are liable to Plaintiff for an amount not exceeding $5,000 pursuant to R.C. § 1345.09(A), and attorney's fees and costs of this action pursuant to R.C. § 1345.09(F).

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

a.  Assume jurisdiction of this case;

b.  Award Plaintiff actual damages to be established at trial, including emotional damages;

c.  Award Plaintiff statutory damages in the amount of $4,000, attorneys' fees, and costs of the action, pursuant to 15 U.S.C. § 1640(a) per TILA violation;

d.  Award Plaintiff damages in the amount of $1,000, attorneys' fees, and costs of the action, pursuant to 12 U.S.C. § 2605(f) per RESPA violation;

e.  Award Plaintiff additional damages and costs;

f.  Award Plaintiff an amount not exceeding $5,000 pursuant to R.C. § 1345.09(A), and attorney's fees and costs of this action pursuant to R.C. § 1345.09(F) per violation;

g.  Award Plaintiff declaratory relief that Defendant's acts and practices of violating 12 U.S.C. § 2605 and 15 U.S.C. § 1641(f)(2) are violations of Ohio's CSPA at R.C. §§ 1345.02 and 1345.03.

h.  Award such other relief as the Court deems appropriate.


Dated this July 6, 2012.

<div style="margin-left:40%">

Respectfully Submitted,
DOUCET & ASSOCIATES, LLC

**/s/ Troy J. Doucet**
Troy J. Doucet, Trial Counsel (0086350)
Attorney for Plaintiff Christine Marais
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 944-5219
Fax: (818) 638-5548
E-Mail: troy@troydoucet.com

</div>

11

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.


/s/ Troy J. Doucet
Troy J. Doucet, Trial Counsel (0086350)

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Nelson Reid
Daniel Gibson
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215


/s/ Troy J. Doucet
Troy J. Doucet, Trial Counsel (0086350)