UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE MARAIS, | CIVIL ACTION NO.: 2:11-cv-314 |
| Plaintiff, | JUDGE: GEORGE C. SMITH |
| v. | MAGISTRATE: MARK R. ABEL |
| CHASE HOME FINANCE, LLC | |
| Defendant. | |

### PLAINTIFF CHRISTINE MARAIS' SECOND SET OF REQUESTS FOR ADMISSION AND INTERROGATORIES PROPOUNDED UPON DEFENDANT CHASE HOME FINANCE, LLC

Plaintiff Christine Marais, through counsel, pursuant to Fed. R. Civ. P. 33 and 36, hereby requests Defendant Chase Home Finance, LLC to answer each of the following interrogatories and to respond to the following requests by admitting the truth of matters relating to this action, such as but not limited to facts, the application of law to fact, or opinions about either and the genuineness of any described document. Please deliver responses to Plaintiff's counsel, Doucet & Associates Co., LPA at 700 Regent Street, Suite 2B, Dublin, OH 43017, within thirty days after being served these interrogatories and requests.

**I. INSTRUCTIONS**

A. If you cannot fully admit to a request, you must specifically deny it or state in detail why you cannot truthfully admit or deny the request. If you deny a request, state the facts upon which you base your denial. If you are unable to respond fully, state the facts which prevent you from admitting or denying at this time.

B. If you are asserting lack of knowledge or information as a reason for failing to admit or deny a request, you must state the facts that show you have made a reasonable inquiry and that the information within your knowledge is insufficient to enable you to admit or deny the request.

Exhibit A

C. Unless otherwise indicated, these requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

D. If you object to a request, you must state the grounds for your objection with specificity and you may not object solely on the ground that the request presents a genuine issue for trial.

E. If you object to any request on grounds that the request is overly broad or burdensome:
  i. Answer the request to the extent that you do not believe is overly broad or burdensome; and
  ii. State with specificity which portion of the request that you object to and why.

F. In answering the interrogatories, furnish all information in the possession of you, your agents, your employees, your attorneys, and investigators of your attorneys.

G. If you cannot answer an interrogatory in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specify your inability to answer the remainder, set forth the facts surrounding your investigation, describe whatever information or knowledge you have concerning the unanswered portion, and identify who else might have the information sought.

H. If you are objecting to an interrogatory, you must state the grounds for your objection with specificity or else waive the ground for such an objection under Fed. R. Civ. P. 33(b)(4); an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.

I. You may provide your business records in place of an answer if Plaintiff, upon examination of such, can ascertain the answer to the interrogatory with minimal burden.
  i. If producing business records in place of an answer, specify the records that must be reviewed, in sufficient detail to enable the Plaintiff to locate and identify them as readily as you could; and
  ii. Provide Plaintiff with records in a manner that gives a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

J. If you claim privilege and withhold any response to any request due to privilege, please provide the following for each request where privilege is claimed (privilege log):
  i. The privilege claimed and why;
  ii. The form in which the privileged Documents or information exists;
  iii. Identify Fully who has knowledge of the response or information; and
  iv. The response or information's general subject matter, including:
    a. The date of the document or event;
    b. The name of its author(s) or preparer(s) or witness(es) and an identification by employment and title of each such person(s);
    c. the name of each person to whom the information, document, or other material was sent or who has had access to, or custody of, the information,

        document or other material, together with an identification of each such person(s);
- d. the number of the request herein to which the information, document, or other material is responsive; and
- e. In the case of any document or other material that relates in any way to a meeting or conversation, identification of such meeting or conversation and the persons attending or participating in such meeting or conversation.

K. Each of these requests and interrogatories are addressed to the personal and continuing knowledge of Defendant, its agents, representatives, investigators, employees, and Defendant's counsel.  Supplemental responses must be served upon the Plaintiff immediately upon learning that the information or Documents render the prior answers inaccurate, incomplete, or untrue.  If such supplemental responses are served upon Plaintiff, attach a copy of any Documents relied upon in determining that the prior answers inaccurate, incomplete, or untrue.

## II. DEFINITIONS

1. For purposes of responding to these Requests, the following terms are defined as follows:

    a. **"Account"** means Plaintiff's Mortgage Loan, and all information, records, and Documents about Plaintiff accessible to Defendant.

    b. **"All"** includes the term **"any,"** and **"any"** includes the term **"all."**

    c. **"And"** includes the terms **"and/or"** and **"or,"** and **"or"** includes the terms **"and/or"** and **"and."**

    d. **"Closing Date"** means the date upon which you claim the Defendant(s) signed the Note and Mortgage pertaining to the subject of this lawsuit.

    e. **"Complaint"** refers to the Complaint filed by Plaintiff giving rise to the litigation referred to in the caption of this document.

    f. **"Computer System"** refers to the entire computing environment which may consist of one large computer serving many users or one or more personal computers working individually or linked together through a network. The computer system shall include all hardware and peripherals used (e.g., terminals, printers, modems, data storage devices), as well as the software.

    g. **"Defendant"** refers to Chase Home Finance, LLC, the employees, agents, officers, directors, attorneys, investigators, etc. of the Defendant in this action, as well as all successors, predecessors, assignors, assignees, indorsers, and indorsees of Chase Home Finance, LLC, including but not limited to JPMorgan Chase Bank, N.A., and all those acting or purporting to act on their behalf.

h. **"Documents"** means all written or printed matter of any kind, including originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, e-mail, meta data, memoranda, notes, diaries, statistics, letters, telegraphs, minutes, addenda, expense accounts, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of any conversations, including telephone conversations or meetings, bulletins, computer print-outs, teletypes, telefaxes, faxes, invoices, worksheets, any drafts, alterations, modifications, changes, and amendments of any of the foregoing.  The term "Documents" also includes all graphic or manual records, or representations of any kind (including, but not limited to, photographs, charts, graphs, microfilms, microfiche, videotapes, records, and motion pictures), and all electronic, mechanical, or electric records or representations of any kind including, but not limited to, audio tapes, cassettes, discs, and recordings.

i. **"Each"** includes the term **"every,"** and **"every"** includes the term **"each."**

j. **"File"** are groups of information collectively placed under a name and stored on a computer.

k. **"Home"** means the real property located at **535 Piedmont Road, Columbus, OH 43214.**

l. **"Identify Fully"** with regards to any person or entity means including a statement of:
   a. Whether the person or entity is a natural person, partnership, corporation, joint venture, association, sole proprietorship, or other entity or organization however organized.
   b. The person or entity's full legal name;
   c. The person or entity's aliases;
   d. The person or entity's current employer;
   e. The person or entity's title;
   f. The person or entity's work address;
   g. The person or entity's last known home address;
   h. The person or entity's work telephone numbers;
   i. The person or entity's work email address;
   j. The person or entity's home telephone number; and
   k. Any signing authority or agency relationship the person or entity has with respect to any of the documents provided in response to any interrogatory, request for admission, or requests for production.

**"Identify Fully"** in regard to any document means including a statement of:

   a. The date appearing on such document, and if no date appears on such document, the response shall so state and shall give the date or approximate date on which such document was prepared, if known;

      b. The identifying or descriptive code number, file number, title or label of such document, if any;
      c. The general nature or description of such document (i.e., whether such document is a letter, memorandum, drawing, etc.) and the number of pages of which such document, consists;
      d. The identification of the person who signed such document, and if such document was not signed, the response shall so state and shall identify the person or persons who prepared such document, if such person is known;
      e. The identification of the person, if any, to whom such document was addressed and the identification of each person other than such addressee to whom such document, or copies of such document, was or were given, distributed or sent;
      f. The general subject matter of such document;
      g. The location or locations where the document has been stored during the time period (**September 25, 2006 to the present**) and the identification of the person or persons presently having possession, custody and/or control of such document
      h. Whether or not any draft, copy or reproduction of such document contains any postscript, notation, change or addendum and, if so, the response shall give the identification, as defined in this request, of each such draft, copy or reproduction; and
      i. The foregoing information shall be given in sufficient detail to enable a party or other person to whom a subpoena is directed to identify fully the document for production and to enable counsel for defendants to determine that such document, when produced, is in fact the document so identified.
      j. If any such document was but no longer is in your possession or custody or subject to your control, or in existence, state whether such document: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4) has otherwise been disposed of; and in each instance explain the circumstances surrounding and authorization for such disposition of such document and state the date or approximate date of such disposition.
      k. With respect to record identification, documents prepared prior or subsequent to the time period, but which relate of refer to the time period, are to be included.  If, as to any document, you do or will assert a claim of privilege, in addition to the information set forth above, also state the basis on which the privilege in accordance with the Instructions within this discovery request, whether the document or information contained or referred to in such document is in the possession of any other person or persons and, if so, identify such person or persons and specify how the document or information came into the possession of such person.

   m. **"January 2008 Repayment Plan"** refers to the Repayment Plan agreement entered into between Plaintiff and Defendant, which is also attached as Exhibit 1 to these Requests.

   n. **"Media"** is the generic term for the various storage devices used to store computer data. It will include the internal hard drive, CDs, floppy disks, backup tapes, thumb drives and DVDs.

    o. **"Metadata"** is structured information that describes, explains, locates, or otherwise makes it easier to retrieve, use, or manage an information resource. Metadata is often called data about data or information about information.

    p. **"Mortgage Loan"** refers to the note and mortgage executed by Plaintiff for the purpose of financing the Property pertaining to the basis of this lawsuit, serviced by Defendant at the time Plaintiff filed his Complaint in this action.

    q. **"Overpayment(s)"** refers to a payment larger than required and/or a payment in an amount in excess of a sum purportedly due.

    r. **"Plaintiff"** means **Christine Marais** and any other person acting or purporting to act on her behalf.

    s. **"Procedure(s)"** means the process(es) of proceeding with any action to accomplish the task specified in the area of knowledge.

    t. **"Residual data"** is the information that includes "deleted" files which are still recoverable from the computer system.

    u. **"You"** and **"your"** mean the same as "Defendant."

B. When the context makes it appropriate, the use of each singular word shall include its plural usage, and each plural usage shall include its singular usage, so as to make the language inclusive rather than exclusive.

C. The use of the present tense shall include the past and present tense, and the use of the past tense shall include the past and present tense.

### III. REQUESTS FOR ADMISSION:

**1. Request for Admission**
Admit Defendant maintained no policies or Procedures from 2008-2011 to ensure that when borrowers submitted a "qualified written request" as that term is defined by RESPA at 12 U.S.C. § 2605(e)(1)(B) ("QWR"), Defendant did not send those borrowers' negative credit information to consumer reporting agencies during the 60-day period provided in 12 U.S.C. § 2605(e)(3).
**Response:**

**2. Request for Admission:**
Admit Defendant reported Plaintiff's Account as past due to at least one of the major credit reporting agencies between January 7, 2011 and February 28, 2011.
**Response:**

**3. Request for Admission:**
Admit Plaintiff timely paid Defendant all of the payments required under January 2008 Repayment Plan.
**Response:**


**4. Request for Admission:**
Admit Defendant cannot identify what product or service was sold or performed for any of the following fees to Plaintiff's Account:

    a.   $14.00 assessed on 11/30/2007;

    b.   $15.00  assessed on 1/29/2008;

    c.   $15.00 assessed on 3/24/2008;

    d.   $15.00 assessed on 4/25/2008;

    e.   $15.00 assessed on 6/27/2008;

    f.   $14.00 assessed on 7/25/2008;

    g.   $14.00 assessed on 8/29/2008;

    h.   $14.00 assessed on 9/26/2008;

    i.   $14.00 assessed on 10/29/2008; and

    j.   $14.00 assessed on 11/26/2008.
**Response:**


**5. Request for Admission:**
Admit that Plaintiff sent an Overpayment to Defendant at least one time during 2009.
**Response:**


**6. Request for Admission**
Admit Plaintiff made Overpayments to Defendant in the following amounts:

1. $97.34  on or about August 13, 2009;

2. $97.34 on or about June 11, 2009;

3. $97.34 on or about April 8, 2009;

4. $97.34 on or about March 12, 2009;

   5. $97.34 on or about February 6, 2009;

   6. $88.19 on or about January 13, 2009; and

   7. $221.21 in or around November 2007.
   **Response:**


7. **Request for Admission**
   Admit You did not apply the Overpayments listed in the preceding Request for Admission to Plaintiff's principal Mortgage Loan balance.
   **Response:**


8. **Request for Admission**
   Admit You did not apply the Overpayments listed in Request for Admission No. 7 to Plaintiff's interest balance.
   **Response:**


9. **Request for Admission**
   Admit You did not apply the Overpayments listed in Request for Admission No. 7 to Plaintiff's escrow account.
   **Response:**


10. **Request for Admission:**
    Admit Defendant has a duty to properly credit Plaintiff's Account when a payment is made by Plaintiff toward that Account.
    **Response:**


11. **Request for Admission:**
    Admit Your February 28, 2011 correspondence to Plaintiff did not include a description, explanation, or justification of each fee, charge, and/or expense charged to Plaintiff's Account.
    **Response:**


12. **Request for Admission:**
    Admit Your February 28, 2011 correspondence to Plaintiff did not include a description, explanation, or justification of the actions You took, if any, to investigate Plaintiff's January 3, 2011 correspondence.
    **Response:**

IV. INTERROGATORIES:

1. State each date You reported Ms. Marais' Account as being in default and/or delinquent to any of the major credit reporting agencies since January 7, 2011.

**ANSWER:**


2. If you contend that You did not report Plaintiff's Account as being in default and/or delinquent to any of the major credit reporting agencies from January 7, 2011 through February 28, 2011, please state the facts that support Your contention.

**ANSWER:**


3. State Defendant's Procedures in place from 2008-2011 to ensure that when borrowers submitted a "qualified written request" as that term is defined by RESPA at 12 U.S.C. § 2605(e)(1)(B) ("QWR"), Defendant did not send those borrowers' negative credit information to consumer reporting agencies during the 60-day period provided in 12 U.S.C. § 2605(e)(3).

**ANSWER:**


4. Provide a detailed statement of how every payment made by Ms. Marais from November 2007 – present was applied towards Plaintiff's Account, including a description of how the following Overpayments were applied:

   a.) $97.34 on or about August 13, 2009;

   b.) $97.34 on or about June 11, 2009;

   c.) $97.34 on or about April 8, 2009;

   d.) $97.34 on or about March 12, 2009;

   e.) $97.34 on or about February 6, 2009;

   f.) $88.19 on or about January 13, 2009; and

   g.) $221.21 in or around November 2007.

**ANSWER:**

        Respectfully,
        DOUCET & ASSOCIATES CO, LPA

        Troy J. Doucet, Trial Counsel (0086350)
        *Attorney for Plaintiff Christine Marais*
        700 Stonehenge Parkway, Suite 2B
        Dublin, OH 43017
        Telephone: (614) 944-5219
        Fax: (818) 638-5548
        E-Mail: troy@troydoucet.com


## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of the foregoing Discovery Request was served upon the following parties via USPS postage prepaid mail and electronically this ___ day of March 2014.

Daniel Gibson
Nelson M. Reid
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215


        _____
        Troy J. Doucet, Trial Counsel (0086350)

## VERIFICATION PAGE

**STATE OF** _____ )

**COUNTY OF** _____ ) **ss:**

Before me, a Notary Public in and for said State and County, personally appeared before me, _____, legal representative of _____, who, being first duly cautioned and sworn according to law, states that he/she has read the foregoing answers to these Interrogatories and that they are true to the best of his/her knowledge and belief.


By: (signature) _____

By: (printed name) _____

Title: _____

Date: _____


Sworn to before me and subscribed in my presence by _____ this _____ day of _____, 2014.

_____

Notary Public

Loan #1970154245





PLAINTIFF'S EXHIBIT 1

Chase Home Finance LLC
3415 Vision Drive
Columbus, OH  43219-6009
1-800-848-9380 Collections Department
1-800-582-0542 TDD/Text Telephone

January 25, 2008

CHRISTINE MARAIS
535 PIEDMONT RD
COLUMBUS, OH  43214

RE:  Loan Number 1970154245

Dear Mortgagor(s):

To follow up on our phone conversation of 01/24/2008, the indebtedness in the above-mentioned case is in default.  In consideration of Chase Home Finance ("Chase") extending repayment for a period of time, it is mandatory that you indicate your acceptance of the following conditions by signing this letter agreement.  Please sign the original of this agreement and return it to Chase promptly.  If we do not receive this agreement, we may consider taking foreclosure action.

As of this date, interest on your loan is paid through 11/01/2007.  The amount past due is $2,968.64.  It is proposed that the delinquency, including payments and late charges, as may become due during the repayment period, will be paid as follows:

| Payment Due In Our Office | Amount Due |
|---|---|
| 01/24/2008 ✓ | $ 1,544.56 |
| 02/23/2008 ✓ | $ 1,542.81 |
| 03/23/2008 ✓ | $ 1,542.81 |
| 04/23/2008 ✓ | $ 1,542.81 |
| 05/23/2008 ✓ | $ 1,542.81 |
| 06/23/2008 ✓ | $ 1,542.81 |
| 07/23/2008 | $ 1,542.81 |
| 08/23/2008 | $ 1,542.81 |
| 09/23/2008 | $ 1,542.81 |
| 10/23/2008 | $ 1,542.81 |
| 11/23/2008 | $ 1,542.81 |
| 12/23/2008 | $ 1,542.81 |

Handwritten annotation: "Paid 1/26 Request dated 1/25 (!!!)" and "1422" near 02/23/2008

Chase may find it necessary to increase your regular monthly payment during this repayment plan to cover escrow disbursements.  Please adjust your payments accordingly.

Regular monthly payments of $1,424.08 will resume with the payment due 01/01/2009.



CHRISTINE MARAIS
Loan Number 1970154245
January 25, 2008
Page Two


All the provisions of the Note and security instrument, except as herein provided, shall remain in full force and effect. Chase Home Finance LLC ("CHF") will continue to report the status of your account to credit repositories based on the due date, not the plan date and collection activity will continue via phone calls and letters. In the event you file bankruptcy, the above repayment plan will be null and void. Late charges will be assessed as provided in the Note and Mortgage. Upon the breach of any provision of this agreement, CHF may terminate this agreement and, at the option of CHF, institute foreclosure proceedings according to the terms of the Note and security instrument without regard to this instrument. After fulfilling the terms of this agreement, there may still be an outstanding late charge/fee balance remaining on the account. If you have any questons, please contact our office at 1-800-848-9380.

Please sign the original of this agreement and return it to Chase Home Finance LLC at P.O. Box 248368, Columbus, OH 43224-9907, attn. Collection Dept.

Sincerely,



Default Loan Servicing Department
Chase Home Finance LLC

Accepted and agreed this _____ day of _____, _____.


_____     _____
CHRISTINE MARAIS

161