UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE MARAIS, | CIVIL ACTION NO.: 2:11-cv-314 |
| Plaintiff, | JUDGE: GEORGE C. SMITH |
| v. | MAGISTRATE: MARK R. ABEL |
| CHASE HOME FINANCE, LLC | |
| Defendant. | |

NOTICE OF DEPOSITION OF CORPORATE REPRESENTATIVE
OF CHASE HOME FINANCE, LLC

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, notice is hereby given that Plaintiff, Christine Marais, through counsel, will take the deposition of the following corporate representative(s) of Defendant, Chase Home Finance, LLC: The representative(s) with the most knowledge regarding the matters set out in Exhibit A attached hereto.  The deposition will take place at the office of Attorney Troy Doucet, 700 Stonehenge Parkway, Suite 2B, Dublin, OH 43017 on May 6, 2014 at 10:00 a.m. and will be memorialized by stenographic means.

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A.

Troy J. Doucet, Trial Counsel (0086350)
*Attorney for Plaintiff Christine Marais*
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
Telephone: (614) 944-5219
Fax: (818) 638-5548
E-Mail: troy@troydoucet.com

1

Exhibit B

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of March, 2014, I caused this document to be electronically filed with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt, pursuant to Fed.Civ.R.P. 5(b)(3) and Loc.R. 5.2(b):

Daniel C. Gibson, Esq.
Nelson M. Reid, Esq.
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
*dgibson@bricker.com*
*nreid@bricker.com*
*Attorneys for Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC*

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Troy J. Doucet, Trial Counsel (0086350)

# Exhibit A

**DEFINITIONS**

1. For the purposes of responding to this Notice, the following terms are defined as follows:

    a. **"All"** includes the term **"any,"** and **"any"** includes the term **"all."**

    b. **"Account"** means Plaintiff's Mortgage Loan, and all information, records, and Documents about Plaintiff accessible to Defendant.

    c. **"And"** includes the terms **"and/or"** and **"or,"** and **"or"** includes the terms **"and/or"** and **"and."**

    d. **"Complaint"** refers to the Complaint filed by Plaintiff giving rise to this litigation referred to in the caption of this document.

    e. **"Defendant"** refers to Chase Home Finance, LLC, the employees, agents, officers, directors, attorneys, investigators, etc. of Defendant CitiMortgage, Inc. in this action, as well as all successors, predecessors, assignors, assignees, indorsers, and indorsees of CitiMortgage, Inc., and all those acting or purporting to act on its behalf.

    f. **"Documents"** means all written or printed matter of any kind, including originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, e-mail, metadata, memoranda, notes, diaries, statistics, letters, telegraphs, minutes, addenda, expense accounts, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of any conversations, including telephone conversations or meetings, bulletins, computer print-outs, teletypes, telefaxes, faxes, invoices, worksheets, any drafts, alterations, modifications, changes, and amendments of any of the foregoing. The term "Documents" also includes all graphic or manual records, or representations of any kind (including, but not limited to, photographs, charts, graphs, microfilms, microfiche, videotapes, records, and motion pictures), and all electronic, mechanical, or electronic records or representations of any kind including, but not limited to, audio tapes, cassettes, discs, and recordings.

    g. **"Each"** includes the term **"every,"** and **"every"** includes the term **"each."**

    h. **"January 2008 Repayment Plan"** refers to the Repayment Plan agreement entered into between Plaintiff and Defendant, which is also attached as Exhibit 1.

    i. **"Mortgage Loan"** refers to the note and mortgage executed by Plaintiff for the purpose of financing the Property pertaining to the basis of this lawsuit, serviced by Defendant at the time Plaintiff filed his Complaint in this action.

    j. **"Plaintiff"** means **Christine Marais** and any other person acting or purporting to act on her behalf.

    k. **"Procedure(s)"** means the process(es) of proceeding with any action to accomplish the task specified in the area of knowledge.

    l. **"Property"** means the real property located at **535 Piedmont Road, Columbus, OH 43214**

    m. **"Qualified Written Request"** or **"QWR"** refers to that term as it is defined by the Real Estate Settlement and Procedures Act ("RESPA") at 12 U.S.C. § 2605(e)(1)(B).

    n. **"You"** and **"Your"** mean the same as "Defendant."

2. When the context makes it appropriate, the use of each singular word shall include its plural usage, and each plural usage shall include its singular usage, so as to make the language inclusive rather than exclusive.

3. The use of the present tense shall include the past and present tense, and the use of the past tense shall include the past and present tense.

**AREAS OF KNOWLEDGE**

1. All fees and charges assessed to Plaintiff's Account since November 2007, how they were assessed, and what specific services were performed for each.

2. An accounting of the principal Mortgage Loan balance and the balance of the suspense account since November 2007.

3. Every communication between Plaintiff and Defendant pertaining to the Mortgage Loan subject to this action from November 2007 to the present, including all communications involving the January 2008 Repayment Plan.

4. The formation of the January 2008 Repayment Plan.

5. Defendant's correspondence dated February 28, 2011 that was sent in response to Plaintiff's January 3, 2011 written correspondence, including the person(s) and/or department(s) responsible for the content of and who assisted in drafting and/or sending the February 28, 2011 correspondence.

6. The identity of the various employees, agents, and record custodians of Defendant who claim to have knowledge of the circumstances of this lawsuit, including knowledge related to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and Defendant's related defenses in this case.

7. The actions taken by Defendant to investigate Plaintiff's claims and/or complaints made in her January 3, 2011 written correspondence, including any corrections made to Plaintiff's Account after receipt of Plaintiff's letter.

8. Defendant's Procedures for responding to QWRs regarding Plaintiffs' Account.

9. Defendant's Procedures and policies for reporting the status of Plaintiff's Mortgage Loan to the major credit reporting agencies during 2010 and 2011.

10. The factual basis for Defendant's contention that Plaintiff suffered no actual damages.

11. Defendant's Procedures in place from 2008-2011 to ensure that when borrowers submitted a "qualified written request" as that term is defined by RESPA at 12 U.S.C. § 2605(e)(1)(B) ("QWR"), Defendant did not send those borrowers' negative credit information to consumer reporting agencies during the 60-day period provided in 12 U.S.C. § 2605(e)(3).

Loan #1970154245





Chase Home Finance LLC
3415 Vision Drive
Columbus, OH 43219-6009
1-800-848-9380 Collections Department
1-800-582-0542 TDD/Text Telephone

January 25, 2008

CHRISTINE MARAIS
535 PIEDMONT RD
COLUMBUS, OH 43214

RE:  Loan Number 1970154245

Dear Mortgagor(s):

To follow up on our phone conversation of 01/24/2008, the indebtedness in the above-mentioned case is in default. In consideration of Chase Home Finance ("Chase") extending repayment for a period of time, it is mandatory that you indicate your acceptance of the following conditions by signing this letter agreement. Please sign the original of this agreement and return it to Chase promptly. If we do not receive this agreement, we may consider taking foreclosure action.

As of this date, interest on your loan is paid through 11/01/2007. The amount past due is $2,968.64. It is proposed that the delinquency, including payments and late charges, as may become due during the repayment period, will be paid as follows:

| Payment Due In Our Office | Amount Due |
|---|---|
| 01/24/2008 ✓ | $ 1,544.56 |
| 02/23/2008 ✓ | $ 1,542.81 |
| 03/23/2008 ✓ | $ 1,542.81 |
| 04/23/2008 ✓ | $ 1,542.81 |
| 05/23/2008 ✓ | $ 1,542.81 |
| 06/23/2008 ✓ | $ 1,542.81 |
| 07/23/2008 | $ 1,542.81 |
| 08/23/2008 | $ 1,542.81 |
| 09/23/2008 | $ 1,542.81 |
| 10/23/2008 | $ 1,542.81 |
| 11/23/2008 | $ 1,542.81 |
| 12/23/2008 | $ 1,542.81 |

*Handwritten note: "Paid 1/26 Request dated 1/25 (!!!)"  "1422"*

Chase may find it necessary to increase your regular monthly payment during this repayment plan to cover escrow disbursements. Please adjust your payments accordingly.

Regular monthly payments of $1,424.08 will resume with the payment due 01/01/2009.



CHRISTINE MARAIS
Loan Number 1970154245
January 25, 2008
Page Two

All the provisions of the Note and security instrument, except as herein provided, shall remain in full force and effect. Chase Home Finance LLC ("CHF") will continue to report the status of your account to credit repositories based on the due date, not the plan date and collection activity will continue via phone calls and letters. In the event you file bankruptcy, the above repayment plan will be null and void. Late charges will be assessed as provided in the Note and Mortgage. Upon the breach of any provision of this agreement, CHF may terminate this agreement and, at the option of CHF, institute foreclosure proceedings according to the terms of the Note and security instrument without regard to this instrument. After fulfilling the terms of this agreement, there may still be an outstanding late charge/fee balance remaining on the account. If you have any questons, please contact our office at 1-800-848-9380.

Please sign the original of this agreement and return it to Chase Home Finance LLC at P.O. Box 248368, Columbus, OH 43224-9907, attn. Collection Dept.

Sincerely,


Default Loan Servicing Department
Chase Home Finance LLC

Accepted and agreed this _____ day of _____, _____.


_____     _____
CHRISTINE MARAIS

161