**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE MARAIS, | : | CASE NO. 2:11-cv-314 |
| | : | |
| Plaintiff, | : | Judge George C. Smith |
| | : | |
| vs. | : | Magistrate Judge Mark. R. Abel |
| | : | |
| CHASE HOME FINANCE LLC, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, ("Chase"), by and through counsel, and hereby opposes the Motion for Partial Summary Judgment filed under seal by of Plaintiff Christine Marais ("Marais") on February 28, 2014 (Doc. #43) (the "Motion"), seeking judgment as to liability only against Chase for alleged violation(s) of the Real Estate Settlement Procedures Act [12 U.S.C. §§ 2601 et seq.] ("RESPA").  Marais' Motion does not provide any basis for granting her summary judgment, in whole or in part.

I.  **ARGUMENT**

   A.  **Marais' failure to prove actual damages precludes even partial summary judgment in her favor**

Consistent with her complete evasiveness on the issue of damages throughout this entire case, Marais does not even attempt in her Motion to prove that she suffered actual damages, and instead has asked this Court to grant her partial summary judgment on the issue of liability alone, preserving the issue of

damages for a separate trial. Not only does Marais' failure to comply with Civil Rule 26(a)(1)(A)(iii) preclude her from submitting evidence to prove actual damages at any stage of the case, which Chase pointed out at length in its own motion for summary judgment (the "Chase MSJ"), but the law also is clear that proof of actual damages under RESPA is a prerequisite even to a determination of liability. And it is beyond dispute that, in support of her own Motion, Marais not only did not, but—as Chase's MSJ has already made clear—she *cannot* prove that she suffered any actual damages. As a result, Marais' Motion should be denied.

> 1. **Liability under RESPA requires a showing of actual damages**

A plaintiff cannot prevail on a § 2605 RESPA claim without a showing of actual damages, because actual damages are a required element for a finding of liability under the statute. *See, e.g.*, *Tsakanikas v. JPMorgan Chase Bank, N.A.*, No. 2:12-CV-888, 2012 U.S. Dist. LEXIS 172058, *7 (S.D. Ohio Dec. 4, 2012) ("Recovery under RESPA requires more than establishing a violation; a plaintiff must suffer actual, demonstrable damages, and the damages must occur 'as a result of' that specific violation"); *Mattison v. PNC Bank, N.A.*, No. 3:13-cv-061, 2013 U.S. Dist. LEXIS 106721, *23 (S.D. Ohio July 30, 2013); *Ogle v. BAC Home Loan Servicing LP*, 924 F.Supp. 2d 902, 911 (S.D. Ohio 2013).[1] *See also, Eichholz v. Wells Fargo Bank, N.A.*, No. 10-cv-13622, 2011 U.S. Dist. LEXIS 128455, *8 (E.D. Mich.

---

[1] *See also, BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, 848 F.Supp. 2d 818, 830 (S.D. Ohio 2012); *Hines v. Franklin S&L*, No. 1:09-cv-914, 2011 U.S. Dist. LEXIS 24500, *16 (S.D. Ohio Jan. 31, 2011); *Webb v. Chase Manhattan Mortgage Corp.*, No. 2:05-cv-0548, 2008 U.S. Dist. LEXIS 42559, *39-40 (S.D. Ohio May 28, 2008).

Nov. 7, 2011) ("damages are a necessary element of a RESPA claim"). Because a moving plaintiff, in order to prevail on summary judgment, must support every element of her claim with evidence that would require a jury to find in her favor, Marais' failure to present any evidence of the required element of actual damages is fatal to her Motion. *See, e.g., Waheed v. Kalafut*, No. 86 C 6674, 1988 U.S. Dist. LEXIS 964, *6 (N.D. Ill. Feb. 1, 1988) ("At a minimum, in order to obtain summary judgment, a plaintiff must offer sufficient evidence to meet her burden of proof with respect to each element of her cause of action").

Moreover, courts that have passed on the precise question of whether liability may be established apart from a showing of actual damages have made clear that RESPA does not allow a plaintiff to proceed in a bifurcated fashion. *See, e.g., Rak v. Saxon Mort. Servs., Inc.*, No. 12-13801, 2014 U.S. Dist. LEXIS 27941, *4-6 (E.D. Mich. March 5, 2014) (granting summary judgment to a RESPA QWR defendant and denying plaintiff's request for a trial on damages relating to alleged misapplied payment interest because the plaintiff did not present any evidence of actual damages); *Kelly v. Fairon & Associates*, 842 F.Supp. 2d 1157, 1161 (D. Minn. 2012) (specifically rejecting a request to postpone calculation of damages and to issue summary judgment on RESPA liability, because actual damages is an element of a RESPA claim that plaintiff must prove); *Belle v. First Franklin*, No. 08-11465, 2011 U.S. Dist. LEXIS 124786, *9 (E.D. Mich. Oct. 28, 2011) (observing that actual damages are a "prerequisite to liability under [RESPA]," and that failing to allege or show such damages defeats a claim).

Because actual damages are a "prerequisite to liability" under § 2605 of RESPA, and because Marais has not even attempted to present evidence of actual damages to support her Motion—instead requesting that her proof obligation be deferred to a damages trial—her Motion for Partial Summary Judgment as to liability should be summarily denied.

## 2. Marais has presented no evidence of actual damages

To the extent Marais attempts to argue in reply that her Motion and affidavit contain sufficient proof of actual damages despite her request in the Motion for a separate trial of the facts on that issue, such an assertion is entirely without merit. As an initial matter, Marais' Rule 26(a)(1)(A)(iii) violation precludes her from submitting any evidence of damages, even if she possessed such evidence. Chase hereby incorporates by reference in its entirety section V(B)(1) of Chase's own MSJ regarding Marais' 26(a)(1)(A)(iii) violation, and submits that the Court should strike or, at a minimum, ignore Marais' affidavit to the extent it purports to present evidence of actual damages not previously disclosed. This is especially true with respect to ¶¶ 16, 41, 42, 43 of the affidavit, which are particularly improper attempts to introduce evidence of damages not disclosed in Marais' Rule 26(a)(1)(A)(iii) disclosures and/or damages sought to be included in an amended complaint, which Marais was already denied leave to file. Nonetheless, even if the affidavit were considered and viewed in Marais' favor (which is the opposite of what is required on summary judgment), she still could not demonstrate actual damages.

First, Marais's alleged QWR expenses do not support a claim for damages. In her affidavit, Marais simply makes the self-serving, non-specific assertion that "I have also incurred actual financial costs associated with the preparing [*sic*] and mailing my January 3, 2011 QWR and the costs of filing this lawsuit, including attorneys' fees." Marais Aff., ¶ 42. But "self-serving affidavits without factual support in the record carry no weight on summary judgment." *Jiggets v. Long*, No. 11-1124, 2013 U.S. App. LEXIS 3800, **23-24 (4th Cir. Feb. 22, 2013) (quoting *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004)). Marais provides no dollar figures, no receipts or invoices, and no factual specifics describing what her costs might have been. As a result, the affidavit (if admissible) is not even sufficient to defeat Chase's own MSJ, let alone enough to warrant summary judgment in Marais' favor. *See, e.g., United States v. $133,420.00 in United States Currency*, 672 F.3d 629, 638 (9th Cir. 2012) ("a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact…." (internal quotation omitted)). *See also, Shaw v. Danley*, No. 98-6579, 2000 U.S. App. LEXIS 545, *19-20 (6th Cir. Jan. 10. 2000). Moreover, even if Marais had submitted a factually-specific affidavit with copious, authenticated documentation of her expenses, she still would not have carried her burden because the costs of the QWR itself cannot, as a matter of law, be damages resulting from Chase's response. *See*, Chase MSJ, section V(B)(2)(b), which Chase hereby incorporates by reference in its entirety.

Second, Marais presents no evidence of additional interest damages. Once again, Marais simply makes the self-serving and non-specific assertion that "I have also incurred increased interest charges as a result of Chase's failure to properly investigate and respond to my QWR." Marais Aff., ¶ 43. But she fails to identify what those charges are, when they were allegedly incurred, whether she paid them, *etc.* Thus, for the reasons already stated, Marais' self-serving statement cannot even defeat Chase's request for summary judgment, let alone support her own. *Jiggets* at **23-24; *$133,420.00 in United States Currency* at 638; *Shaw* at *19-20. Moreover, as Chase explained in detail in its own motion, even if Marais had evidence to support her assertion, such alleged interest charges could not, as a matter of law, constitute damages resulting from Chase's QWR response. *See*, Chase MSJ, section V(B)(2)(a), which Chase hereby incorporates by reference in its entirety.

Third, Marais presents no evidence of credit reporting damages. Indeed, not only is her affidavit testimony nothing more than a self-serving and conclusory statement in this regard once again, but it actually constitutes nothing more than a statement of Marais' belief, not actual evidence of any objective fact, and even then, only regarding her belief about Chase's reporting, not about any actual damages she might have suffered. *See*, Marais Aff., ¶¶ 39-40 ("*I believe* Chase also did not suspend reporting" (emphasis added) and attaching her Equifax credit report). For the reasons stated above, and because the affidavit testimony regarding credit reporting is not evidence of anything other than what Marais believes, it is beyond

dispute that she has failed to carry her burden on damages with respect to the alleged RESPA § 2605(e)(3) claim as well.  In addition, even if Marais' Affidavit were not substantively deficient in this way, it still would not show actual damages relating to alleged credit reporting violations for the reasons stated in detail in Chase's MSJ.  *See*, Chase MSJ, section V(B)(2)(c), which Chase hereby incorporates by reference in its entirety.

Fourth, Marais' assertion that Chase engaged in a "pattern or practice" of noncompliance is neither supported by the facts nor relevant as a matter of law to whether she has presented proof of actual damages, which is a "prerequisite to liability under [RESPA]…." *Belle* at *9.  As an initial matter, Marais merely cites to a document produced by Chase in its initial disclosures as her purported evidence of a "pattern or practice of noncompliance," despite the fact that the document (a) shows that Chase had a policy of compliance at the time of its response, (b) has never been confirmed by testimony or other discovery to be a complete or exclusive description of Chase QWR policy at the time, and (c) is not proof of a single additional RESPA QWR violation ever having actually occurred.  *See, e.g., Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 U.S. Dist. LEXIS 39131, *19-20 (N.D. Cal. Apr. 11, 2011) (actual proof of more than one violation is required to establish a "pattern or practice").

Moreover, there is no support for the assertion that Marais could recover for an alleged "pattern or practice" that "involves harm to *other* borrowers," (emphasis *sic*), particularly where she has alleged only a single violation with respect to her

own QWR and merely "asks the Court to intuit others," at most alleging (and certainly not offering any evidence to show) that "other borrowers [who suffered QWR violations] *could* exist." *Lawther v. OneWest Bank*, No. C 10-0054 RS, 2010 U.S. Dist. LEXIS 131090, *21 (N.D. Cal. Nov. 30, 2010) (emphasis *sic*).  This is not sufficient to survive an opposing motion for summary judgment, let alone to obtain judgment on her own motion.  And "while…statutory damages are also available as 'additional damages,' courts have interpreted § 2605(f) to require" actual damages as a result of the failure to comply with RESPA in order to sustain the claim, thereby precluding Marais from reviving her claim even if she could prove a "pattern or practice."  *Hutchins v. Bank of America, N.A.*, No. 13-cv-03242-JCS, 2013 U.S. Dist. LEXIS 154495, *43 (N.D. Cal. Oct. 28, 2013).

To the extent Marais makes any effort to show the presence of actual damages, she relies entirely on the allegations in her Complaint, conclusory and self-serving statements in her Affidavit, and *dicta* from the Sixth Circuit's decision that has no bearing on whether she can actually prove the elements of her claim.  As Chase pointed out in its own MSJ, there is a big difference between what Marais claims to have alleged as damages and what she can actually prove.  In support of her present Motion, she has presented no evidence of damages whatsoever.  Because it is well-established that damages are an element of § 2605 RESPA liability, Marais cannot prevail on the limited issue of liability, even if she could show that Chase had violated the provisions of RESPA.

### B. Marais has failed to prove that Chase violated RESPA

As set forth in detail in Chase's MSJ, the undisputed facts show that Chase complied with RESPA by satisfying not just one, but two of the RESPA QWR response options. *See*, Chase MSJ, section V(A), which Chase hereby incorporates by reference in its entirety. And as Chase also established in its MSJ, it did not "correct" Marais' account because Chase had no duty to do so when it provided an otherwise compliant response. *Id.* As a result, Marais' only basis for asserting that Chase violated RESPA is the alleged insufficiency of the "written explanation[s]" contained in Chase's QWR response letter.[2] Neither the facts nor the law support her argument(s).[3]

---

[2] In support of her argument for a damages hearing, Marais also asserts in passing that her credit report shows that Chase violated the credit reporting provision of RESPA as well. Motion, p. 11. Not only has Marais failed to prove the required element of damages from the alleged violation, as noted above (section II(A)(2), pp. 6-7, *supra*), but also, as set forth in detail in Chase's MSJ, the undisputed facts show that Chase did not—and could not have—violated § 2605(e)(3) of RESPA in any event. See, Chase MSJ, section V(A)(2), which Chase hereby incorporates by reference in its entirety.

[3] Marais improperly cites the Sixth Circuit's observation that "Chase does not deny violating either RESPA provision" as support for her Motion. Motion, p. 7. As Marais is well aware, the Sixth Circuit reviewed and decided only the legal sufficiency of her Complaint as challenged by Chase in its Motion for Judgment on the Pleadings. That Chase did not deny a violation of RESPA solely for purposes of its motion is in no way an admission. The Sixth Circuit's statement was nothing more than a recognition that the sufficiency of the damages allegations was the only legal issue on appeal. Indeed, Chase explicitly denied violating RESPA throughout its responsive pleading, has moved for summary judgment in part on the grounds that it did not violate RESPA, and has never admitted a violation at any stage of these proceedings. See, Answer, ¶¶ 25-26, 37-41 (Doc. #7).

>    1.   **Chase's provision of Marais' loan transaction history satisfies the "written explanation" requirement under § 2605(e)(2)(B)**

According to Marais, the only purported deficiency in Chase's response, to the extent it is evaluated as a response pursuant to 12 U.S.C. § 2605(e)(2)(B), is that "the response does not provide a written explanation…of the reasons Chase believes Ms. Marais' account is correct."  Marais MSJ, p. 8.  Marais' argument both mischaracterizes the evidence and misconstrues the law.

First, Marais' argument that the response was insufficient because Chase's "investigation" was inadequate fails in two respects.  As an initial matter, it ignores the fact that a violation of the statute is determined by the content of the QWR response itself, not the borrower's subjective belief in the adequacy of the investigative efforts of the servicer.  *See*, 12 U.S.C. § 2605(e)(2); *Eichholz v. Wells Fargo Bank, N.A.*, No. 10-cv-13622, 2011 U.S. Dist. LEXIS 128455, *13 (E.D. Mich. Nov. 7, 2011) (assessing the adequacy of a QWR response by the face of the letter); *Weinert v. GMAC Mortgage Corp.*, No. 08-cv-14482, 2009 U.S. Dist. LEXIS 89881, *22-25 (E.D. Mich. September 29, 2009) (same).  Marais' suggestion that Chase violated RESPA because it did not give her QWR sufficiently detailed attention prior to responding is simply a misstatement of what the law requires.

Moreover, the undisputed facts show that Chase conducted an investigation as described in the statute in any event.  Deposition of Jeremy Summerford, ("Summerford Depo"), pp. 22-23 (Doc. #25).  Importantly, the responsive "written explanation" that is required to follow an investigation need only address Marais'

belief that her account is in error, "to the extent applicable…." 12 U.S.C. § 2605(e)(2)(B)(i).  Marais' statement of her own belief that the account was in error purports to cover a full two years of payments, challenging their application and the assessment of late charges associated with that two year window generally.  See, Complaint, ¶ 18, Exhibit C (Doc. #1).  Without more specifics from Marais about what she believed the specific error in her account to be, Chase could not reasonably have been required to investigate beyond what it did, or to provide her with more information than a complete loan transaction history reflecting all of the information about when and how Chase accounted for and applied those two years of payments.

Second, Marais' suggestion that the payment history should not, by itself, be construed as a "written explanation" in satisfaction of § 2605(e)(2)(B) is wrong, especially under the circumstances.  As noted above, because Marais' own statement of reasons for her belief that her account was in error was too vague and generalized as a matter of law to permit a specific investigation into any particular aspect of the account, it could not have given rise to an obligation of Chase to provide a highly detailed "written explanation" in its response either.  Indeed, had Chase simply mirrored the degree of particularity contained in Marais' own QWR, it could have merely stated in its response letter that her "account is correct because payments made during the years 2008 and 2009 were properly applied to the account and were declared late because, in fact, they were late.  Late fees were charged pursuant to the loan documents and a written repayment agreement."  But

this statement would have provided Marais with *less* information than the loan transaction history—not more.  Just because the loan transaction history is not written in sentence form does not mean that it does not constitute a "written explanation" of why Chase believed her account to be correct.  And given the vague, non-specific, content of Marais' own QWR, it certainly provided a "written explanation" "to the extent applicable," as required by 12 U.S.C. § 2605(e)(2)(B).

Finally, Marais' argument that the loan transaction history is insufficient because Mr. Summerford could not explain every aspect of the loan transaction history at his deposition is entirely without merit.  See, Motion, p. 9.  At best, Marais' QWR can be construed as identifying two years of payments and associated late charges between 2008 and 2009 as the "reasons" she believed her account was in error.  Whether or not Mr. Summerford was able, in the course of his deposition, to provide an explanation of certain fees appearing on the loan transaction history that were not at issue in the litigation and were not identified as a subject for examination in the notice, (let alone identified in Marais' QWR), is not evidence that Chase's "written explanation" regarding *other* payments and late charges was insufficient.  Once again, Marais seeks to manufacture a violation of RESPA by referencing vague and generalized statements in her own QWR, and then claiming that Chase's failure to respond with specific, comprehensive and detailed answers about *other* aspects of her account somehow violates the statutory mandate.

### 2. Chase's "written explanation" of why some of the information requested was not available satisfies § 2605(e)(2)(C)

According to Marais, the only purported deficiency in Chase's response, to the extent it is evaluated as a response pursuant to 12 U.S.C. § 2605(e)(2)(C), is that "the response does not provide a written explanation of why any information that was requested is not available or cannot be obtained by Chase...." Marais MSJ, p. 9. Marais ignores the clear, written explanation contained in Chase's QWR response and offers no legal support for the argument that Chase's explanation was insufficient under RESPA.[4]

Indeed, the face of the QWR response letter clearly shows that Chase provided a written explanation that, to the extent any information requested was not provided, such information "is unavailable or considered proprietary...," thereby satisfying the statutory obligation to provide "an explanation of why the information requested is unavailable or cannot be obtained...." 12 U.S.C. § 2605(e)(2)(C). *See, Van Egmond v. Wells Fargo Home Mortgage*, No. SACV 12-

---

[4] Marais' citation to the deposition testimony of Jeremy Summerford as evidence that Chase's response contained no written explanation is improper. See, Motion, p. 9. First, the contents of Chase's QWR response are what they are and need no verification. The fact of what Chase's response letter contained is established by the document itself, regardless of what Mr. Summerford testified. To the extent that Marais cites his testimony as support for her argument that Chase's explanation was *legally* insufficient, such reference is also improper. Not only is Mr. Summerford's legal opinion irrelevant, but Chase also objected to the line of questioning at issue to the extent it called for Mr. Summerford to give a legal conclusion. *See*, Summerford Depo, pp. 45-46 (counsel for Marais clarifying at p. 46, lines 3-4: "I'm not asking him legal questions"). The QWR response speaks for itself, and the law governing its sufficiency does not depend on Mr. Summerford's testimony.

0112 (MLGx), 2012 U.S. Dist. LEXIS 42061, *15 (C.D. Cal. Mar. 21, 2012) (recognizing the sufficiency of a similar "disclaimer"); *DeVary v. Countrywide Home Loans, Inc.*, 701 F.Supp. 2d 1096, 1108 (D. Minn. 2010) (observing that servicer need only state in writing that the information is "unavailable or cannot be obtained by the servicer"). Moreover, "RESPA does not provide additional recourse for borrowers who wish to challenge" the grounds on which a servicer has withheld information from a QWR response. *Gibson v. Mortgage Electronic Registration Systems, Inc.*, No. 11-2137-STA, 2012 U.S. Dist. LEXIS 63510, *34-35 (W.D. Tenn. May 7, 2012). Thus, it is beyond dispute that Chase's "written explanation" facially satisfies the statute. That is the end of the matter.

## II.  CONCLUSION

Marais has failed to carry her burden on summary judgment to provide proof of every element of her claim. As a result, Chase respectfully requests that this Court issue an Order denying Marais' Motion in its entirety.

        Respectfully submitted,

        s/ Daniel C. Gibson
        Daniel C. Gibson (0080129)
        Bricker & Eckler LLP
        100 South Third Street
        Columbus, Ohio 43215
        Telephone: (614) 227-2300
        Facsimile:  (614) 227-2390
        dgibson@bricker.com
        Trial Attorney for Defendant JPMorgan Chase
        Bank, N.A., successor by merger to Chase Home
        Finance LLC

OF COUNSEL:

Nelson M. Reid (0068434)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  nreid@bricker.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic system.  Parties were served electronically by the Court's CM/ECF electronic system.

s/ Daniel C. Gibson<br>
Daniel C. Gibson (0080129)