# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE MARAIS, | : | CASE NO. 2:11-cv-314 |
| Plaintiff, | : | Judge George C. Smith |
| vs. | : | Magistrate Judge Mark. R. Abel |
| CHASE HOME FINANCE LLC, | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR SETTLEMENT CONFERENCE AND STAY OF DISCOVERY

Now comes Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, ("Chase"), by and through counsel, and hereby moves the Court pursuant to Local Rule 16.3(a), for an Order setting this case for a settlement conference with a Magistrate Judge. A memorandum in support of this motion is included herewith.

7681461v1

Respectfully submitted,


s/ Daniel C. Gibson
Daniel C. Gibson (0080129)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
Facsimile:  (614) 227-2390
dgibson@bricker.com
Trial Attorney for Defendant JPMorgan Chase
Bank, N.A., successor by merger to Chase Home
Finance LLC


OF COUNSEL:

Nelson M. Reid (0068434)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  nreid@bricker.com

**MEMORANDUM IN SUPPORT**

I.      **INTRODUCTION**

As Magistrate Judge Abel indicated was his strong recommendation at the recent June 26, 2014 status conference, Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, ("Chase"), respectfully requests referral of this matter to a settlement conference. Chase's review of the Local Rules of the Court and Sixth Circuit and Southern District case law indicates that the Court does have the authority to set any non-exempted case for a settlement conference at which the parties are required to engage in good faith negotiations. Such a conference, with the assistance of a judicial officer, could be extremely valuable in assisting the parties to reach a final resolution of this case without substantial further time or expense.

Moreover, Chase requests that the discovery period established by the Court's June 4, 2014 Opinion and Order be stayed pending the outcome of this Motion, and if granted, the outcome of the Settlement Conference itself, for three reasons: (1) proceeding with the discovery and briefing is likely to be time-consuming and expensive, particularly in light of the myriad legal disputes that Chase anticipates will arise in the course of such discovery; (2) because of those anticipated disputes, discovery likely will not proceed immediately in any event, as the Court will have to resolve many of those disputes prior to the exchange of much of the information at issue; and (3) the stay need not be lengthy, as the parties could

7681461v1

participate in such a conference expeditiously and if no resolution is reached, proceed with discovery upon its conclusion.[1]

Finally, Plaintiff Christine Marais' ("Marais") opposition to a settlement conference at this time should be given limited weight, because the incentives relating to incurring increased attorney fees and costs have been altered significantly in light of the Court having already granted her partial summary judgment on the issue of a RESPA violation.  It is not unreasonable for Chase to request the assistance of a judicial officer in seeking a possible resolution of this matter, and it is not an abuse of discretion for this Court to Order that the parties participate in good faith in such a conference before proceeding further.  Such an Order is especially warranted now, as the parties have never participated in a substantive settlement conference in this case to date.

## II.   ARGUMENT

S.D. Ohio Local Rule 16.3(a)(1) specifically provides that the Court has authority, either "[u]pon request by any party or in its discretion and at such times during the progress of the case as appear appropriate,' to order the case for mediation or a settlement conference.  And Local Rule 16.3(a)(3) further permits the Court to "convene a separate conference to be attended by the trial attorney and each party or their authorized representative" to make determinations as to whether further ADR efforts are appropriate.

---

[1] Indeed, the Court's June 4, 2014 Opinion and Order specifically contemplated a stay of the discovery period for purposes of facilitating settlement if a request was made jointly by the parties.  In light of the foregoing considerations, Chase submits that a referral to a settlement conference and brief stay of discovery to allow such conference to take place is warranted even in the face of opposition from Ms. Marais.

Indeed, "[a]lthough a court cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference, and impose sanctions pursuant to Rule 16(f) if a party fails to do so." *Negron v. Woodhull Hosp.*, 173 Fed. Appx. 77, 79, 2006 U.S. App. LEXIS 9004, *2, n. 1 (2d Cir. March 23, 2006) (citing *Bulkmatic Transport Co., Inc. v. Pappas*, 2002 U.S. Dist. LEXIS 8360, *2 (S.D. N.Y. May 9, 2002)).

The judicial officers of this Court have recognized that authority, even when denying requests to set such conferences. *See, e.g., Thatcher v. Lebanon Correctional Inst.*, 2012 U.S. Dist. LEXIS 162228, *6, n.2 (S.D. Ohio Nov. 13, 2012) (observing the court's authority to order a settlement conference, but declining to do so based on the early stage of the litigation); *Washington v. McCoy*, 2013 U.S. Dist. LEXIS 53848, *9 (S.D. Ohio Apr. 16, 2013) (denying a request to schedule ADR because "*pro se* civil rights cases are not eligible," and implying that non-exempt cases could be ordered to settlement conference).[2] *See also*, S.D. Ohio Pat. R. 104.1 (explicitly requiring a settlement conference in patent cases).

The Court should set this case for a settlement conference before a Magistrate Judge for all of the reasons expressed by Chase's counsel at the June 26, 2014 status conference and all of the reasons articulated by Judge Abel behind his strong recommendation that Ms. Marais consent to such a conference. Specifically, there are three clear reasons why a settlement conference with the assistance of a judicial officer would be particularly appropriate at this time.

---

[2] Undersigned counsel researched Sixth Circuit law on the subject but has found no decision indicating that the Court lacks the authority to set a settlement conference as Chase requests, even in the face of an objection from the other party.

First, many of the remaining disputes that the parties have that would make further litigation expensive and time consuming are also legal disputes concerning which a judicial officer could at least assist in calibrating the parties' expectations so as to facilitate settlement. When key disagreements about the value of a case are primarily legal in nature and exist largely between counsel, the assistance of a judicial officer who can aid the parties and their counsel in assessing the risks of any given course of action can be especially helpful in bringing the parties to settlement. It also ensures that the parties themselves have access to an objective assessment that might otherwise be either filtered through the advocacy lenses of their counsel or received with less appreciation for the risks or benefits of a given course because it comes from their own advocate. This applies both to the party and counsel requesting the conference as well as the party and counsel disinclined to participate.

Second, settlement conferences are not limited to discussion of only monetary relief or compensation. To the extent that Ms. Marais' resistance to participating in a settlement conference at this stage stems from her desire to obtain information or answers from Chase through discovery—including even a desire to get testimony and/or facts on the record—such concerns can still be raised in the course of a settlement conference and be made part of any demand. Nothing prevents the parties from discussing creative means of reaching what initially appear to be mutually exclusive ends. Indeed, that is precisely what settlement conferences are intended to accomplish. If a resolution were readily apparent, then settlement

conferences would never be necessary—it is precisely where the parties cannot presently see any means of achieving their competing ends that the assistance of a mediating presence is valuable.

And finally, a settlement conference in this case is especially appropriate given the posture of the case itself.  The Court's Opinion and Order has altered the landscape of the parties' dispute and substantially narrowed the issues for discussion.  Even if Chase disagrees with the Court's Decision, resolution at this stage and in this Court can focus on what remains to be established—namely, Ms. Marais' alleged damages and the relief that she stands to obtain at the conclusion of this matter given the judgment that she has already received.  The Court's resolution of the liability question, even if adverse to Chase, allows the parties to frame their discussions accordingly and to focus their efforts on only the issues pertinent to settlement and/or that remain for this Court to decide through further litigation.

Moreover, as noted above, precisely because Marais has obtained a partial judgment that potentially entitles her to the fees and costs expended in this action, her opposition to participating in a settlement conference should not be given substantial weight.  This is not to suggest that Marais wants to proceed with costly discovery only *for the purposes* of running up attorney fees and costs, but rather illustrates why her willingness to participate in a settlement conference, absent an Order from the Court, might reasonably be withheld.  However, that procedural irregularity should not prevent this Court from issuing an Order of referral to a

settlement conference before another Magistrate Judge when it is clear that such an Order is warranted and could potentially bear fruit to the benefit of all.

## III. CONCLUSION

As Judge Abel recognized, a settlement conference is the appropriate next step in this litigation. Even if Ms. Marais can see no possible resolution absent the opportunity to conduct certain discovery against Chase, there is no reason why a discussion about that demand—as well as any others the parties may have—should not first be had in the context of an effort to reach resolution and with the assistance of a judicial officer to guide the parties and their counsel through that process. And this Court indisputably has the authority to make such an Order.

Moreover, because such a conference should be had prior to the parties incurring substantially more fees and costs, because of the unique posture of the case, because of the expected discovery disputes that will likely prolong the discovery process itself if a stay is not granted, and because such a stay need not be lengthy, Chase also respectfully requests that a stay of discovery be instituted either until this Motion is denied, or until after a settlement conference is held in the event this Motion is granted. This is the reasonable and prudent course for the parties, counsel, and the Court to take.

        Respectfully submitted,


        s/ Daniel C. Gibson
        Daniel C. Gibson (0080129)
        Bricker & Eckler LLP
        100 South Third Street
        Columbus, Ohio 43215
        Telephone: (614) 227-2300
        Facsimile:  (614) 227-2390
        dgibson@bricker.com
        Trial Attorney for Defendant JPMorgan Chase
        Bank, N.A., successor by merger to Chase Home
        Finance LLC


OF COUNSEL:

Nelson M. Reid (0068434)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  nreid@bricker.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic system.  Parties were served electronically by the Court's CM/ECF electronic system.

                                          s/ Daniel C. Gibson
                                          Daniel C. Gibson (0080129)