# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE MARAIS, | CIVIL ACTION NO.: 2:11-cv-314 |
| Plaintiff, | JUDGE: GEORGE C. SMITH |
| v. | MAGISTRATE: MARK R. ABEL |
| CHASE HOME FINANCE, LLC | |
| Defendant. | |

## UNOPPOSED MOTION TO RECONSIDER REVIVAL OF STATE LAW CLAIMS

Plaintiff Christine Marais, through counsel, respectfully requests this court reconsider its decision to revive Ms. Marais' state law claims pursuant to Fed.R.Civ.P. 60(b).  Ms. Marais and Defendants Chase Home Finance, LLC (collectively, the "Parties") have agreed that Ms. Marais' state law claims were not revived and should remain dismissed. Counsel for Ms. Marais has contacted counsel for Defendant, and it is does not object to this Motion.  A memorandum in support is attached.

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A.


*/s/ Troy J. Doucet*
Troy J. Doucet, Trial Counsel (0086350)
*Attorney for Plaintiff Christine Marais*
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
Telephone: (614) 944-5219
Fax: (818) 638-5548
E-Mail: troy@troydoucet.com

**MEMORANDUM**

## I. INTRODUCTION

On September 26, 2012, this Court dismissed Ms. Marais' Complaint in its entirety. (ECF #33).  This included dismissal of Ms. Marais' federal claims under the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"), in addition to dismissing state law claims under the Ohio Consumer Sales Practices Act ("CSPA") and for conversion. The state law claims were dismissed without prejudice when the court declined to exercise supplemental jurisdiction after dismissing the federal claims.  *Id.* at 12.

Ms. Marais appealed this Court's decision to the Sixth Circuit Court of Appeals.  On November 26, 2013, the Sixth Circuit affirmed this Court's decision with regard to Ms. Marais' TILA claim, reversed this Court's decision with regard to the dismissal of the RESPA claims, and remanded "for proceedings consistent with this opinion."  *Marais v. Chase Home Finance,* 736 F.3d 711, 722 (6th Cir. 2013).  The only mention of the state law claims in the Sixth Circuit's opinion was that this Court had "declined to exercise supplemental jurisdiction over the state law claims."  *Id.* at 713.

On June 4, 2014, this Court granted summary judgment on Ms. Marais' RESPA claim and *sua sponte* revived Ms. Marais' state law claims.  Opinion and Order (ECF # 52). Subsequently, Chase has maintained that "these claims were previously dismissed without prejudice and that the court did not have jurisdiction to reinstate them." Status Conference Order June 27, 2014 (ECF #54).  The Parties have since agreed to the dismissal of these claims without prejudice.

However, there is no mechanism within the Federal Rules of Civil Procedure whereby a plaintiff can dismiss discrete claims within a complaint without amending said complaint.  In the

1

interest of avoiding further litigation that amending the Complaint may entail, Ms. Marais instead respectfully asks this Court to reconsider its decision to *sua sponte* revive Ms. Marais' state law claims. Instead, Ms. Marais requests that the Court order the state law claims remain dismissed without prejudice.

## II. LAW & ANALYSIS

### A. Standard under Fed.R.Civ.P. 60(b).

Fed.R.Civ.P 60(b) provides that '[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … (6) any other reason that justifies relief." A motion for relief under Rule 60(b)(6) provides relief in "extraordinary circumstances" where "principles of equity mandate relief." *Harbison v. Bell,* 503 F.3d 566, 569 (6th Cir.2007); *Ford Motor Co. v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 469–70 (6th Cir.2007). Finally, a motion under Rule 60 must be made within a reasonable amount of time, and for reason (1) must be no more than a year after the judgment or order. Fed.R.Civ.P. 60(c)(1).

Here, Ms. Marais contends that this is an "extraordinary circumstance" warranting relief under Rule 60(b)(6) as the Parties agree that the state law claims should be dismissed without prejudice. However, the Federal Rules of Civil Procedure do not provide a mechanism for dismissing discrete claims in a complaint. *See Baker v. City of Detroit*, 217 Fed.Appx. 491, 496 (6th Cir. 2007). Further, in the interest of judicial economy, Ms. Marais does not wish to amend her Complaint and open more grounds for litigation. Rather, the most equitable solution is for this Court to find that the state law claims were not revived on remand from the Sixth Circuit.

### B. This Court should grant the Motion because it is equitable and in the interest of judicial economy that these claims not be pursued.

The extenuating circumstances of this case warrant reconsideration under Rule 60(b)(6) because the Parties' willingness to dismiss these claims "justifies relief." Specifically, the Federal Rules of Civil Procedure do not provide a mechanism whereby a plaintiff may dismiss discrete claims in a complaint. *See, generally*, Fed.R.Civ.P.

However, here, the Parties have agreed to dismissal of the state law claims. In the interest of time, judicial economy, and containing attorneys' costs to the extent possible, the Parties seek an expeditious manner in which to resolve this conundrum. Thus, Ms. Marais requests that this Court reconsider its decision to revive the state law claims and instead issue an order declaring that the state law claims remain dismissed without prejudice.

### C. This Motion was made within a reasonable time.

Rule 60(c) gives a party a "reasonable time" to make a motion under Rule 60(b), and no later than a year under Rule 60(b)(1). Here, the Court revived the state law claims on June 4, 2014, just over a month ago. Further, Magistrate Judge Abel asked Ms. Marais to advise Chase as to her position on the state law claims just over a week ago, on June 27, 2014. *See* ECF #54. Given the relative speed with which the Parties have come to an agreement regarding the state law claims and now advise the Court of their decision, there has been no unreasonable delay.

### III. CONCLUSION

For the forgoing reasons, Ms. Marais respectfully requests this Court grant this Unopposed Motion to Reconsider Revival of State Law Claims, and enter an order stating the state law claims remain dismissed without prejudice.

                                      Respectfully Submitted,
                                      DOUCET & ASSOCIATES CO., L.P.A.


                                      */s/ Troy J. Doucet*
                                      Troy J. Doucet, Trial Counsel (0086350)
                                      *Attorney for Plaintiff Christine Marais*
                                      700 Stonehenge Parkway, Suite 2B
                                      Dublin, OH 43017
                                      Telephone: (614) 944-5219
                                      Fax: (818) 638-5548
                                      E-Mail: troy@troydoucet.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2014, I caused this document to be electronically filed with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt, pursuant to Fed.Civ.R.P. 5(b)(3) and Loc.R. 5.2(b):

Daniel C. Gibson, Esq.
Nelson M. Reid, Esq.
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
*dgibson@bricker.com*
*nreid@bricker.com*
*Attorneys for Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC*


                                      */s/ Troy J. Doucet*
                                      Troy J. Doucet, Trial Counsel (0086350)